717 P.2d 447

The CITY OF PHOENIX, a municipal corporation, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA; Elizabeth Stover, a Judge there; Richard M. Barron; Edubigues Martinez, a single woman; and Patricia Marquez, a single woman, Respondents.

No. 18308–SA.

Supreme Court of Arizona, En Banc.

March 12, 1986.

---

Jones, Skelton & Hochuli by William R. Jones, Donald L. Myles, Jr., Phoenix, for petitioner.

Langerman, Begam, Lewis and Marks by Amy G. Langerman, Phoenix, for respondents Barron, Martinez and Marquez.

Henry L. Zalut, Phoenix, for respondents Barron and Martinez.

Shepard M. Weinstein, Phoenix, for respondent Marquez.

FELDMAN, Justice.

Petitioner brings this special action to test the constitutionality of A.R.S. § 12–2505, the statute dealing with the subject of comparative negligence. In Arizona, relief previously obtained by means of extraordinary writs is now generally obtained by "special action". See Rule 1, R.Proc. Spec.Act., 17A A.R.S. Because the constitutionality of the statute presented an important issue of statewide importance, we granted review, ordered counsel to file supplementary briefs and heard oral argument on the case. For the same reasons we also accepted a question certified from the United States District Court for the District of Arizona in the case of *Dallas Hall v. A.N.R. Freight System*, 149 Ariz. 130, 717 P.2d 434 (1986). We have decided the question of constitutionality based upon the arguments advanced by counsel in both cases.

In the present case, respondents (plaintiffs in the trial court) were driving northbound on 17th Street in Phoenix when they were struck by a truck driven by an employee of petitioner, the City of Phoenix. Respondents sustained serious injuries and filed an action for damages against the city. The complaint alleged that the city's employee had run a red light, and this allegation was not denied in the city's answer. The city did raise the affirmative defense of contributory negligence. See Rule 8(d), Ariz.R.Civ.P., 16 A.R.S. Respondents moved to strike the allegation of contributory negligence, arguing that it was an insufficient defense. See Rule 12(g), *id.* The trial judge struck the allegation of contributory negligence, apparently agreeing with respondents' contention that A.R.S. § 12–2505 was constitutional even though it abolished the defense of contributory negligence and substituted for it the defense of comparative negligence. Having made a proper record in the trial court on this issue, the city brought this special action, arguing that the statute violates art. 18, § 5 of the Arizona Constitution. The city contends that the cited provision of the Arizona Constitution protects the common law defense of contributory negligence from legislative abolition. It concludes, therefore, that the trial judge's order striking that defense from its answer was an act which exceeded the court's jurisdiction. See Rule 1, R.Proc.Spec.Act., 17A A.R.S.

The question of constitutionality was today decided in *Dallas Hall v. A.N.R. Freight System, supra.* In that case we upheld the statute, stating that it is "a constitutional enactment of the legislature [which] may constitutionally be applied to cases arising prior to the act's effective

date but filed subsequent thereto." *Dallas Hall v. A.N.R. Freight System*, 149 Ariz. at 130, 717 P.2d at 434. The present case is one to which the comparative negligence statute may be applied. The statute so applied is constitutional. *Id.*

Thus, a defense based on the plaintiff's own negligence should now be referred to as the defense of comparative negligence, rather than the defense of contributory negligence. The substantive consequences of this change are described in *Dallas Hall, supra.* One might argue that the trial judge in the present case therefore acted properly in striking the words "contributory negligence" from the answer. We are well aware, however, that this case has its origins in the constitutional issue and not in the semantical question of whether counsel should plead the defense as "comparative negligence" rather than "contributory negligence". Counsel in this case sought and obtained a ruling on constitutionality.

So that the matter will be settled in all pending cases without the necessity for a multitude of motions and paperwork, we think it best to indicate to bench and bar that there is neither need to amend existing answers nor to move to strike the words "contributory negligence" if they do appear in an answer. However the defense is denominated, whenever A.R.S. § 12–2505 applies, it will govern the trial of the case.

However, the trial judge here did strike the allegation of contributory negligence. Accordingly, although relief is denied, we remand with instructions that the city be allowed to amend its answer to allege any proper defense and that the case proceed in a manner not inconsistent with this opinion.

HOLOHAN, C.J., GORDON, V.C.J., CAMERON, J., and JOSEPH LIVERMORE, Judge, concur.

Judge JOSEPH LIVERMORE of Division Two of the Court of Appeals was appointed to sit in place of Justice JACK D.H. HAYS.