742 P.2d 835

**Bill BOY, a single man, Plaintiff-Appellant,**

v.

**FREMONT INDEMNITY COMPANY, a California corporation, Defendant-Appellee.**

**1 CA–CIV 8644.**

Court of Appeals of Arizona, Division 1, Department B.

May 26, 1987.

Review Denied Sept. 22, 1987.

Langerman, Begam, Lewis and Marks by Wendi A. Sorensen, Samuel Langerman, Amy Langerman, Richard Langerman, Phoenix, for plaintiff-appellant.

Jones, Skelton & Hochuli by Larry J. Cohen, William R. Jones, Phoenix, for defendant-appellee.

## OPINION

KLEINSCHMIDT, Judge.

This is a review of the dismissal of a worker's claims against his employer's workers' compensation insurer. We conclude: 1) the insurer did not breach its duty to act in good faith when it refused to compromise its lien against any recovery the worker had against persons other than his employer who contributed to his injury; and 2) the Industrial Commission did not have exclusive jurisdiction, pursuant to A.R.S. § 23–1022(A), over the worker's claim that the insurer breached its duty to act in good faith by failing to pay benefits.

## BACKGROUND

In reviewing the dismissal for failure to state a claim, we presume that the facts alleged in the complaint are true. *Maldonado v. Southern Pacific Transportation Co.*, 129 Ariz. 165, 166, 629 P.2d 1001, 1002 (App.1981). In 1979, Bill Boy was seriously injured on the job. At the time, he was employed by the Terry Grantham Company. The injury occurred while he was installing a sprinkler system. He fell off a ladder when a pipe fitting he was tightening broke unexpectedly. Boy filed a claim for benefits with the Industrial Commission. His employer's carrier, Fremont Indemnity (Fremont), accepted the claim.

A year later, Boy filed a third-party products liability suit against I.T.T. Grinnell Corporation, alleging that I.T.T. Grinnell had manufactured the defective pipe fitting that had caused his injury. Prior to trial, Boy and I.T.T. Grinnell attempted to settle. As part of the proposed settlement, Boy asked Fremont to compromise its statutory lien on the amount he would collect from I.T.T. Grinnell so that he himself would gain something from the settlement. Fremont was informed that if Boy's case went to trial it was unlikely that he would recover.

Fremont refused to compromise its lien. Boy refused to settle unless he could net an amount over and above that which Fremont would recover by virtue of its lien. The lien, of course, extended to workers' compensation amounts that Fremont would have to pay Boy in the future. *See* A.R.S. § 23–1023(C). Boy asserted that Fremont's refusal to compromise blocked the settlement. When Boy's case against I.T.T. Grinnell went to trial, the jury found no liability on the part of I.T.T. Grinnell. That verdict was reversed on appeal, and the case was remanded for a new trial. The record does not reflect its current status.

The entire procedural history of this case is not present in the record on appeal. The history is available, however, in the record of an Industrial Commission special action, *Terry Grantham Co. v. Industrial Commission*, 741 P.2d 313 (Ariz.App.1987), which is presently before us. This court may take judicial notice of matters of record therein. *Arizona v. Thompson*, 150 Ariz. 554, 555, 724 P.2d 1223, 1224, n. 1 (App.1986) (citing *Hackin v. First National Bank*, 5 Ariz.App. 379, 384, 427 P.2d 360, 365 (1967)).

In 1984, Boy filed with the Industrial Commission the first of a series of requests for investigation which sought certain additional benefits from Fremont. *See gener-*

*ally* A.R.S. § 23–1061(J). Boy characterized each of these requests as a "Request for Hearing." Fremont ultimately issued a notice terminating Boy's temporary benefits and requested that the Commission determine the benefits due Boy for a permanent total disability.

On September 19, 1984, the Commission issued an award which found that Boy's condition was stationary and that he was afflicted with a permanent total disability. In its award, the Commission left the amount and nature of supportive benefits to future determination. On October 29, 1984, Fremont filed with the Commission a Notice of Supportive Medical Maintenance Benefits in which it agreed to provide a portion of the benefits Boy originally sought. Thereafter, pursuant to § 23–1061(J), Boy filed a Request for Hearing seeking further benefits. Instead of scheduling the requested hearing, the Commission treated Boy's request as a protest against Fremont's notice. Boy now alleges that Fremont has refused to pay the benefits it agreed to pay in its Notice of Supportive Medical Maintenance Benefits.

The Commission scheduled formal hearings in June and July of 1985 to consider Boy's "protest" of Fremont's notice. In October of 1985, the administrative law judge presiding over those hearings issued an award granting additional benefits to Boy. In January of 1986, Fremont filed a Petition for Special Action requesting that this court review the October 1985 award.

In January of 1986, Boy brought a bad faith action against Fremont based on Fremont's refusal to compromise its lien and its alleged failure to pay benefits. The superior court granted Fremont's motion to dismiss on the following grounds: 1) there was no privity of contract between Boy and Fremont; 2) as a matter of law, it was not within Boy's reasonable expectation that Fremont would compromise its lien; and 3) the Industrial Commission of Arizona had exclusive jurisdiction to settle benefit disputes. The superior court erred in dismissing on the grounds that Boy was not in privity of contract with Fremont. In *Franks v. United States Fidelity & Guar-*

*anty Co.*, 149 Ariz. 291, 295, 718 P.2d 193, 197 (App.1985), we said "[a] claim by an injured employee against the workers' compensation carrier is a first-party claim, ... and the *Noble* elements of bad faith must be met".

### FAILURE TO COMPROMISE LIEN

■ An insurer has a lien, to the extent of the benefits it pays an employee, on any amount which is actually collectable as a result of the employee's suit against a third person. A.R.S. § 23–1023(A), (C). The question which confronts us is whether Fremont breached its implied duty to act in good faith by refusing to compromise its lien. The essence of the implied duty to act in good faith is that "each of the parties ... [is] bound to refrain from any action which would impair the benefits which the other ha[s] the right to expect from the contract or the contractual relationship." *Rawlings v. Apodaca*, 151 Ariz. 149, 154, 726 P.2d 565, 570 (1986). The duty is based, in part, on fulfilling the insured's reasonable expectations. *Noble v. National American Life Insurance Co.*, 128 Ariz. 188, 189–90, 624 P.2d 866, 867–68 (1981). Thus, we must decide whether Boy had a right to expect that Fremont would compromise its lien.

Boy's contractual relationship with Fremont is partially governed by the Workers' Compensation Act. By electing to accept the benefits of the Act, Boy becomes bound by its limitations. *Chevron Chemical Co. v. Superior Court*, 131 Ariz. 431, 435, 641 P.2d 1275, 1279 (1982). One of these limitations, clearly set forth in A.R.S. § 23–1023(C), is that the insurer "shall have a lien on the amount actually collectable." We interpret the statute to mean what it plainly says. *See Sunstate Equipment Corp. v. Industrial Commission*, 135 Ariz. 477, 479, 662 P.2d 152, 154 (App.1983). Arizona courts have consistently resisted efforts to limit the insurer's lien. *E.g., Stroud v. Dorr-Oliver, Inc.*, 112 Ariz. 403, 409, 542 P.2d 1102, 1108 (1975) (employer's contributory negligence); *Young v. Industrial Commission*, 146 Ariz. 582, 584, 707 P.2d 986, 988 (App.1985) (post-judgment in-

terest); *Mannel v. Industrial Commission*, 142 Ariz. 153, 158, 688 P.2d 1045, 1050 (App.1984), *cert. denied*, 469 U.S. 1212, 105 S.Ct. 1183, 84 L.Ed.2d 331 (1985) (death benefits); *Liberty Mutual Insurance Co. v. Western Casualty & Surety Co.*, 111 Ariz. 259, 263, 527 P.2d 1091, 1095 (1974) (award for pain and suffering).

Boy maintains that the question of whether or not Fremont breached its duty to act in good faith hinges upon the reasonableness of Fremont's actions. He argues that it is therefore a question of fact. *See Markowitz v. Arizona Parks Board*, 146 Ariz. 352, 357–58, 706 P.2d 364, 369–70 (1985). We hold as a matter of law that no reasonable person would consider Fremont's compromise of its lien to be a benefit that Boy had the right to expect from the contractual relationship.

With the exception of specific statutorily authorized deductions, an insurer's lien extends to the total amount collectable. A.R.S. § 1023(C). If this is inequitable, the remedy lies with the legislature. *Young v. Industrial Commission*, 146 Ariz. 582, 585, 707 P.2d 986, 989 (App.1985).

Boy also argues that *In re Swartz*, 141 Ariz. 266, 686 P.2d 1236 (1984) stands for the proposition that an attorney should attempt to persuade the insurer to reduce its lien. He says that it would be "incomprehensible" for the court to impose such an obligation on the attorney without also imposing an obligation to compromise the lien on the insurer. In *Swartz*, however, the court initially noted that the State Compensation Fund was not required by statute to reduce its lien. *Id.* at 274, 686 P.2d at 1244. Thereafter, the court noted that "the Fund may reduce its lien, thus enabling the claimant to personally receive some monetary benefit, in order to encourage him to settle rather than go to trial," and that "in some cases where ordinarily the claimant would receive nothing from his third party claim, the Fund would agree to reduce its claim if there was a corresponding reduction in attorney's fees." *Id.* As the supreme court noted in *Swartz*, it may be to the insurer's advantage to facilitate settlement where the liability or

amount of potential recovery is questionable. By compromising its lien to help achieve settlement, the insurer may guarantee at least some recovery for itself. Thus, while an insurer may choose to release its lien, it is under no compulsion to do so.

Boy further argues that Fremont originally agreed to compromise its lien and that this somehow obligated Fremont to do so by increasing his expectation that a settlement would be reached. This issue is untimely because it was raised for the first time in a motion for reconsideration and we do not consider it. *Phil W. Morris Co. v. Schwartz*, 138 Ariz. 90, 94, 673 P.2d 28, 32 (App.1983).

Finally, Boy argues that Fremont's duty to compromise its lien arises out of an insurer's duty to give equal consideration to the insured's and to its own interests when considering whether to terminate litigation by settlement. *See, e.g., Farmers Insurance Exchange v. Henderson*, 82 Ariz. 335, 338–39, 313 P.2d 404, 406 (1957). In a settlement situation, this duty usually arises because the insured is exposed to liability which exceeds the policy limits. *See, e.g., id.* Such exposure is not a consideration in this case. Boy's only risk was that he would not net an amount in excess of Fremont's lien. Because the statute gives an insurer a lien to the extent of benefits paid, it is clear that the allocation of this risk to insureds in Boy's situation is a part of the comprehensive Workers' Compensation statutory scheme. Requiring Fremont to compromise its statutory lien would compel it to give Boy's interests priority over its own. The duty of good faith, however, merely requires the insurer to give equal consideration to the interests of both parties.

## INDUSTRIAL COMMISSION'S EXCLUSIVE JURISDICTION

■ Arizona Revised Statutes § 23–1022(A) provides in part that an employee's right to recover compensation pursuant to the Workers' Compensation Act is the exclusive remedy against the insurer for injuries which arise in the course of employ-

ment. Boy claims that Fremont breached its duty to act in good faith by failing to pay benefits. The trial judge granted the motion to dismiss because he believed that the Industrial Commission had exclusive jurisdiction over disputes involving the payment of benefits. This was incorrect.

Bad faith is a separate tort that is not a direct or natural consequence of the original compensable injury. *Franks v. United States Fidelity & Guaranty Co.,* 149 Ariz. 291, 295-96, 718 P.2d 193, 197-98 (App. 1985). Therefore, the exclusivity provisions of the Workers' Compensation scheme do not apply. In *Franks,* this court held that the superior court has jurisdiction over an employee's claim against an insurer who fails to act in good faith in paying benefits due the employee. *Id.* at 296, 718 P.2d at 198.

Fremont argues that *Franks* established only a limited exception to the exclusivity doctrine. Because the carrier in *Franks* had refused to pay benefits due under final awards of the Industrial Commission, Fremont contends that it cannot be liable for bad faith until a final award relating to the disputed benefits in this case is issued. Certainly, in most situations, Fremont would be correct. The existence or non-existence of bad faith will usually turn upon whether the Industrial Commission has made a final award. But, depending on the nature of the bad-faith claim, this will not always be true. An action for bad faith may arise on the basis of conduct on the part of a carrier that precedes a final award. *Travelers Insurance Co. v. Savio,* 706 P.2d 1258, 1267 (Colo.1985). In *Savio,* the carrier repeatedly refused to process a claimant's request for vocational rehabilitation benefits. Although the Industrial Commission had not ordered the carrier to approve the requested benefits, the Colorado Supreme Court held that its Workers' Compensation Act did not bar a common law action for bad faith in processing the claim. We agree with the *Savio* court's statement that the duty of good faith "precedes official intervention and permeates all of the dealings between the parties." *Id.* at 1268. Furthermore, counsel for Fremont acknowledged in oral argument that

outrageous conduct on the part of a carrier could establish liability for bad faith prior to the issuance of a final award.

We therefore look to see whether, under any possible construction of the facts, Boy may have stated a claim for bad faith. In his complaint, Boy alleges that Fremont has refused to pay for benefits that it agreed to provide in its Notice of Supportive Medical Maintenance. Fremont takes the position that Boy's protest of the Notice of Supportive Medical Maintenance voided the notice. A protested notice does not become final. It is analogous to an interim award which is nullified by protest. *See Le Duc v. Industrial Commission,* 116 Ariz. 95, 98, 567 P.2d 1224, 1227 (App.1977) (protest of interim award for lost earning capacity). Boy, however, did not file a formal protest of Fremont's notice, but instead filed a Request For Hearing pursuant to A.R.S. § 23-1061(J). In that request, Boy did not challenge the benefits Fremont actually awarded in its notice. Boy merely requested that additional benefits be awarded. The Industrial Commission declined to schedule the hearing Boy requested. It instead transferred Boy's request to its petitions section for processing as a protest against Fremont's notice. While the Commission's action may have nullified Fremont's notice from an administrative perspective, the fact remains that Boy's Request For Hearing did not protest those benefits which the notice actually did award. If Fremont utilized the procedural posture of this case to delay the payment of benefits that it agreed to provide and that Boy did not protest, Fremont could conceivably be found to have acted in bad faith.

Fremont also defends the dismissal by arguing that with the exception of certain benefits it is contesting in this court in *Terry Grantham Co. v. Industrial Commission,* 741 P.2d 313 (Ariz.App.1987), it is actually paying all the benefits Boy claims are due. We cannot tell from the record before us whether this is so. If Fremont is correct, its avenue for relief on this issue is a motion for summary judgment in the trial court.

Boy's complaint includes the following allegations:

[B]y Notice of Supportive Medical Maintenance form filed with the Industrial Commission on or about October 29, 1984, the defendant agreed to provide a portion of the medical benefits sought by the plaintiff.

The defendant continues to refuse to pay for the medical benefits sought by the plaintiff, including but not limited to those benefits it agreed to pay by filing its Notice of Supportive Medical Maintenance.

The complaint further alleges that the refusal to pay benefits was "intentional, malicious, oppressive, outrageous and/or in wanton and reckless disregard of the interest of the plaintiff." The tort of bad faith can be alleged if the facts pleaded show that the insurance company "intentionally denie[d], fail[ed] to process or pay a claim without a reasonable basis for such action." *Noble v. National American Life Insurance Co.*, 128 Ariz. 188, 190, 624 P.2d 866, 868 (1981).

Boy raises another argument. He maintains that at the time he was injured, A.R.S. § 23–1022 provided that the right to recover compensation pursuant to the Workers' Compensation Act was the exclusive remedy against "the employer or any co-employee," Laws 1970, ch. 145, § 1, but that the statute was completely silent as to the employer's compensation carrier. In 1980, A.R.S. § 23–1022 was amended to provide that the right to recover under the Act was also the exclusive remedy against "the employer's workers' compensation carrier or administrative service representative." Laws 1980, ch. 246, § 28. He argues that it follows from this that he was free to sue the employer's carrier for injuries which occurred before the amendment became effective. Because we follow the *Franks* holding that the Industrial Commission does not have exclusive jurisdiction over a claim of bad faith, we do not reach Boy's statutory arguments.

## CONCLUSION

We affirm the superior court's judgment with respect to Boy's claim concerning Fre-

mont's refusal to compromise its lien. The judgment of the trial court dismissing the complaint for lack of jurisdiction is reversed, and the case is remanded for further proceedings.

ROBERT J. CORCORAN, P.J. and GREER, J., concur.