812 P.2d 1125

Jesus **MARTINEZ**, Petitioner,

v.

The **INDUSTRIAL COMMISSION OF ARIZONA**, Respondent,

**V.O. Contracting**, Respondent Employer,

**Continental Insurance Company**, Respondent Carrier.

No. 1 CA–IC 90–063.

Court of Appeals of Arizona, Division 1, Department D.

May 28, 1991.

Law Offices of Jill H. Grossman by Jill H. Grossman and Paul J. McGoldrick, Phoenix, for petitioner.

Anita R. Valainis, Chief Counsel, Industrial Com'n of Arizona, Phoenix, for respondent.

Jones, Skelton & Hochuli by Calvin Harris, Phoenix, for respondent employer and respondent carrier.

OPINION

McGREGOR, Judge.

In this special action review of an Arizona Industrial Commission award, we consider the extent of a compensation carrier's lien against amounts recovered by an injured worker and his dependents from a third person who injured the worker while he was on the job. We then consider the application of the carrier's credit against future compensation payments it may owe to an injured worker and his dependents.

We hold that the carrier's lien for compensation payments made extends to the entire third party recovery received by the worker and his dependents, including pro-

ceeds attributable to a spouse's loss of consortium claim. We also hold that the carrier's credit attributable to the spouse's recovery for loss of consortium may be offset only against any death benefits the carrier may be required to pay to the injured worker's spouse.

## I.

In August 1987, petitioner Jesus Martinez (petitioner) suffered an industrial head injury caused by a negligent third party. Respondent carrier (Continental) accepted petitioner's workers' compensation claim. Petitioner, joined by his wife and two minor children, who claimed damages for their respective losses of consortium, then filed a civil suit against the third party.

In August 1989, the Martinez family settled the civil action for $1,000,000.00. The terms of the release are not of record. Continental approved the settlement and stipulated that the reasonable value of the third party claims was $590,000.00 for petitioner, $400,000.00 for his wife, and $5,000.00 for each of his children.

From the settlement proceeds, petitioner reimbursed Continental for those sums Continental already had paid for medical and disability benefits as of the time of settlement. Continental subsequently issued a notice of claim status claiming a credit against its future compensation liability of $551,894.90, the approximate total of the third party recovery by petitioner and his wife, less attorneys' fees and costs. Petitioner timely protested this notice.

The parties submitted legal memoranda in lieu of a hearing. Petitioner contended that Continental's credit against future compensation benefits should be limited to the settlement value of his segregated third party claim less proportionate attorneys' fees and costs and previously-paid compensation benefits. Continental, citing *Liberty Mutual Insurance Co. v. Western Casualty & Surety Co.*, 111 Ariz. 259, 527 P.2d 1091 (1974), and *Mannel v. Industrial Comm'n*, 142 Ariz. 153, 688 P.2d 1045 (App.1984), asserted that Arizona case law unambiguously supported extending the claimed credit against future liability to the entire recovery.

The administrative law judge concluded that judicial decisions interpreting A.R.S. § 23–1023 (the lien statute) established Continental's current entitlement to the claimed credit against the entire recovery, including the amount separately awarded for loss of consortium. After the administrative law judge affirmed the award on administrative review, petitioner brought this special action.

## II.

■ The first issue raised by this appeal is whether a compensation carrier's lien extends to damages for loss of consortium paid by a third party to the spouse of an injured worker. Although petitioner advances arguments to the contrary, at oral argument he virtually conceded that the lien statute and prior judicial decisions require a conclusion that the lien extends to such damages.

The extent of the lien afforded a compensation carrier is defined by the terms of A.R.S. § 23–1023.C. Since 1969, the lien statute has permitted a worker injured on the job through the negligence of a third party (other than the employer or a coemployee), or the worker's dependents if death results from the injury, both to receive workers' compensation benefits and to sue the third party. *See* A.R.S. § 23–1023.A. The employer or its compensation carrier, however, has a lien on the third party recovery, which Arizona's legislature broadly defined as follows:

> If [the employee or his dependents] proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and *the insurance carrier or other person liable to pay the claim shall have a lien on the amount actually collectable from such other person* to the extent of such compensation and medical, surgical and hospital benefits paid.... *The amount actually collectable shall be the total recovery less the reasonable and necessary expenses, in-*

*cluding attorneys' fees,* actually expended in securing such recovery. The insurance carrier or person shall contribute only the deficiency between the amount actually collected and the compensation and medical, surgical and hospital benefits provided or estimated by the provisions of this chapter for such case.

A.R.S. § 23–1023.C (emphasis added).

Although the precise issue of whether the lien extends to separately-designated sums recovered for a spouse's loss of consortium has not been addressed, Arizona's courts have considered, in dictum, whether the section 1023 lien extends to such damages. In 1974, the supreme court held that a third party recovery that included damages for pain, suffering, embarrassment, humility, inconvenience, loss of consortium and loss of pleasure in life was subject to the carrier's lien, notwithstanding the fact that the injured worker could not recover compensation benefits for such damages. *See Liberty Mutual Insurance Co. v. Western Casualty & Surety Co.,* 111 Ariz. 259, 527 P.2d 1091 (1974). In that action, industrially-injured workers filed third party medical malpractice claims. After the workers settled their negligence actions, the compensation carrier asserted that its lien extended to the entire settlement.

The issue before the court was whether the statutory lien extended to settlement proceeds attributed to types of damage recoverable in a civil suit but not covered by workers' compensation. The court, after commenting that it could not set aside or ignore the express language of the legislature, concluded:

> The Legislature has required that the entire recovery from a third party less expenses and attorney's fees be subject to the compensation carrier's lien, possibly believing that the compensation carrier should be repaid the amount that it is compelled to pay because of malpractice injuries. While this may work an inequitable result in some instances, the statute has a reasonable basis and is therefore within the proper sphere of legislative action. The trial court erred in reducing the statutory lien by the amounts

attributable to pain and suffering, loss of consortium and other elements of the individual appellees' damages which were not compensable under the Workmen's Compensation Act.

*Liberty Mutual,* 111 Ariz. at 263, 527 P.2d at 1095. *See also Hendry v. Industrial Comm'n,* 112 Ariz. 108, 538 P.2d 382 (1975) (legislature has clearly established that the entire recovery is subject to the carrier's lien, except for the specific statutory exception for attorneys' fees and costs).

In 1984, the court of appeals held that a section 1023 credit applied to death benefits that had not matured at the time the parties settled a third party claim. *See Mannel v. Industrial Comm'n,* 142 Ariz. 153, 688 P.2d 1045 (App.1984). In that case, an injured worker and his wife successfully sued third parties. The wife participated in the settlement and "compromised both her actual loss of consortium claims and her potential wrongful death claim." *Id.* at 157, 688 P.2d at 1049. The compensation carrier reserved a credit against future liability. When the worker died several years later as a result of the industrial injury, his widow claimed death benefits. The widow asserted that whatever remained of the settlement proceeds was hers by right of survivorship and could not be used to offset her death benefits. The widow argued, in essence, that section 1023 allows a lien only on the third party recovery obtained by a present workers' compensation claimant. In rejecting the widow's argument, the court reiterated the broad nature of the statutory lien:

> If a lien is allowed, it applies to the entire third party recovery (less expenses and attorney's fees), *even though this recovery includes* damages not compensated under workers' compensation (such as pain and suffering, loss of pleasures in life, and *a spouse's loss of consortium* ).

*Id.* at 156, 688 P.2d at 1048 (emphasis added).

Although this action presents a factual situation different from those considered in *Liberty Mutual* and *Mannel,* we believe the same principles govern. The language

of the lien statute unambiguously states that the lien attaches to the "total recovery" obtained from a third party. To give effect to the legislative intent, we assign that language its usual meaning. *State Compensation Fund v. Nelson,* 153 Ariz. 450, 453, 737 P.2d 1088, 1091 (1987). In light of the statutory language and the decisions in *Liberty Mutual* and *Mannel,* we conclude that the statutory lien extends to a spouse's recovery for loss of consortium, even when the amount of that recovery is segregated from the amount awarded the injured employee.

We are aware that courts in other jurisdictions, interpreting other statutory language, have adopted the result for which petitioner contends. *See, e.g., DeMeulenaere v. Transport Insurance Co.,* 116 Wis.2d 322, 342 N.W.2d 56 (App.1983); *Rascop v. Nationwide Carriers,* 281 N.W.2d 170 (Minn.1979). In view of the cases we have discussed, especially *Liberty Mutual,* we are not free to do so.

### III.

■ The second issue is whether the credit attributable to the spouse's recovery for loss of consortium offsets only the spouse's potential death benefits or offsets both the injured employee's compensation benefits and potential death benefits. The language of the statute does not clearly indicate the resolution of this issue.

Subsection A of the lien statute defines the situations under which a carrier's lien rights arise:

> If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, *such injured employee, or in event of death his dependents,* may pursue his remedy against such other person.

A.R.S. § 23–1023.A (emphasis added). Subsection B of the lien statute similarly differentiates between an action brought by the employee and an action brought by his dependents. The statute thus anticipates that either the employee or his dependents will bring an action against a third party and does not define how credit should be applied when the employee and his dependents recover segregated damages prior to the death of an injured worker.

Absent clear statutory language, we construe the statute in view of the purpose it is intended to accomplish. *E.g., State v. Berry,* 101 Ariz. 310, 312, 419 P.2d 337, 339 (1966). Section 1023 furthers the general policy of preventing an employee from obtaining the double recovery that would result if he received both compensation benefits and damages from a third party. *Travelers Insurance Co. v. Breese,* 138 Ariz. 508, 512, 675 P.2d 1327, 1331 (App. 1983). The statutory lien also furthers the legislative purposes of requiring "the third party to pay what he would normally pay if there were no workers' compensation, [reimbursing] the carrier for its compensation expenditure, and [allowing] the compensation beneficiary to enjoy the excess of the damage recovery over compensation." *Mannel,* 142 Ariz. at 155, 688 P.2d at 1047.

·The statutory language gives effect to the general purpose of reimbursing the carrier *for its compensation expenditures* by extending the lien to the amount actually collected from the third party *to the extent of benefits paid.* In this case, however, petitioner's spouse has no present right to receive death benefits and the carrier has paid her no benefits. If the spouse never claims or receives death benefits, therefore, no statutory basis exists to give rise to an offset. Although other interpretations are possible, we conclude that the most reasonable interpretation of the statutory language is that when a third party recovery is segregated between present and potential workers' compensation claimants, the carrier's lien rights attach sequentially.[1] In this case, then, section 1023 grants Continental a lien against petitioner's total recovery, *to the extent of benefits paid.* Continental can offset the credit attributable to petitioner's segregated recovery against future benefits claimed

---

1. The parties do not dispute the valuation of the injured employee's and his spouse's claims. We assume, without deciding, that claims may not be valued so as to circumvent the purposes of the workers' compensation system. *See, e.g., Dearing v. Perry,* 499 N.E.2d 268 (Ind.App.1986).

by petitioner. Section 1023 also grants Continental a lien against the petitioner's spouse's recovery for loss of consortium. If the spouse's potential claim for death benefits matures, Continental's lien will extend to the amount actually collected by the spouse from the third party *to the extent of* benefits paid. Continental may not, however, apply the credit available to offset the spouse's potential compensation claim to offset petitioner's present compensation benefits.

Our conclusion that, although Continental's lien attaches to the entire recovery, the credit attributable to the recovery for loss of consortium offsets only future death benefits, is consistent with the purposes of the lien. Neither petitioner nor his spouse will obtain a double recovery; the negligent third party must pay petitioner and his family the amount it would pay absent workers' compensation; Continental, as carrier, will be reimbursed for its compensation expenditures, but no more; and petitioner and his family will receive the excess of damages recovered over compensation.

### IV.

For the foregoing reasons, we set aside the award.

KLEINSCHMIDT, P.J., and CLABORNE, J., concur.