836 P.2d 87

David W. **BILLINGSLEY** and Nellie Billingsley, Plaintiffs–Appellees/Cross–Appellants,

v.

**JEA CO., INC.,** d/b/a **Giant Travel Center,** and **Aetna Casualty & Surety Company,** Defendants–Appellants/Cross–Appellees.

No. 13093.

Court of Appeals of New Mexico.

May 26, 1992.

John R. Polk, Albuquerque, for plaintiffs-appellees/cross-appellants.

Paula I. Forney, Pelton & O'Brien, Albuquerque, for defendants-appellants/cross-appellees.

## OPINION

MINZNER, Judge.

This appeal presents issues under Arizona and New Mexico law regarding a workers' compensation carrier's statutory lien. Worker and his spouse (Mr. and Mrs. Billingsley) settled their claims for personal injuries against a third-party tortfeasor (JEA). The carrier (Aetna) sought to recover the entire settlement sum to satisfy its statutory lien for compensation benefits paid to Mr. Billingsley. The district court concluded that Mrs. Billingsley had an independent claim for recovery and that JEA had paid half of the settlement amount on account of that claim. The district court further decided that her recovery was not subject to Aetna's lien, deducted half of the costs and attorney fees from Mr. Billings-

ley's half, and awarded Aetna the balance of his share. Aetna claims the district court erred in finding that Mrs. Billingsley had a separate claim not subject to Aetna's lien and in failing to award Aetna the entire amount recovered less costs and attorney fees. Aetna also contends that the district court erred in refusing to award a credit against any future compensation benefits Aetna must pay to Mr. Billingsley. Finally, Aetna contends that the costs awarded were not reasonable. In their cross-appeal the Billingsleys assert that the district court erred in failing to apply equitable considerations to reduce Aetna's recovery commensurate with the amount recovered through settlement. We affirm.

## I. FACTS.

Mr. Billingsley was injured on September 20, 1988 when he fainted and fell at a JEA truck stop in Gallup, New Mexico. He alleged that he ate some tainted green chile stew at the truck stop and, as a consequence, fainted and fell, striking his head. JEA claimed that the cause of Mr. Billingsley's illness was a spider bite.

As a result of the injury, Mr. Billingsley filed a workers' compensation claim in Arizona. MCP Services of Edison, New Jersey, a company that had purchased workers' compensation insurance through Aetna Casualty & Surety Co. (Aetna), employed both Mr. and Mrs. Billingsley as truck drivers, and the injury occurred in the course and scope of their employment. Aetna paid Mr. Billingsley compensation and medical benefits totaling $38,955.98.

Mr. Billingsley, joined by his wife, exercised his option under Arizona workers' compensation law to sue JEA, bringing suit in New Mexico district court. In their second amended complaint, they requested declaratory judgment against Aetna to determine Aetna's entitlement pursuant to the statutory lien created by Ariz.Rev.Stat. Ann. Section 23–1023 (1983).

Section 23–1023 allows an injured worker to proceed against a third-party tortfeasor during the first year after the injury for which the worker received workers' compensation benefits. If a worker elects to sue the third party, the insurer is required to pay benefits but receives "a lien on the amount actually collectable from such other person to the extent of such compensation and medical, surgical and hospital benefits paid.... The amount actually collectable shall be the total recovery less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery." § 23–1023(C). If the injured party chooses to forego his right to sue, the insurer may sue the third party tortfeasor directly. § 23–1023(B).

JEA and the Billingsleys settled the litigation for $125,000. Costs and attorneys fees came to approximately $93,000, which left the Billingsleys about $32,000. Aetna did not participate in the district court proceedings, including an effort at mediation, until after the settlement. At that time, Aetna asserted that it was entitled to the full amount of its lien, which came to more than $38,000. Consequently, satisfaction of Aetna's claim would have left the Billingsleys with no recovery.

The district court concluded that the issue of liability was very close, with conflicts in the evidence of liability and damages. The district court determined that Mrs. Billingsley had a separate claim which she had pressed throughout the course of the litigation. Therefore, the district court awarded her half of the remaining $32,000 as her separate recovery, and held that her recovery was not subject to Aetna's lien. To support its action, the court noted JEA's testimony at the hearing on the settlement, in which JEA acknowledged that it had proceeded throughout the litigation assuming that it was defending against separate claims by both Mr. and Mrs. Billingsley, although Aetna disputes that characterization of JEA's understanding.

The Billingsleys also requested that the court reduce Aetna's lien proportionately to reflect the realities of the settlement, which the court determined was only one-third of the Billingsleys' damages. The Billingsleys argued that the court could use its equitable powers to reduce Aetna's lien because of Aetna's behavior during the settlement proceedings.

The court agreed that Aetna's conduct was inequitable and noted that Aetna did not share the risks or costs of litigation, failed to share in the cost of attorneys' fees incurred by the Billingsleys to secure recovery, and failed to cooperate fully during litigation. Furthermore, the district court found that Aetna refused to discount its lien in spite of the Billingsleys' chance of recovery being less than fifty percent, and that Aetna did not share in the discount for settlement. Moreover, if it was awarded its lien amount, Aetna would recover money intended to compensate Mr. Billingsley for his pain and suffering.

Aetna argued that it had only exercised its rights as contemplated by the statute, and therefore the court had no basis for its finding of inequitable behavior. The district court ultimately concluded that Arizona law did not allow for equitable adjustment of Aetna's lien and refused the Billingsleys' request.

## II. AETNA'S STATUTORY LIEN.

Neither party has argued that Arizona law should not apply. The position of the *Restatement (Second) of Conflict of Laws* is that the local law of the state under which the worker received workers' compensation benefits determines the interest of the person who paid the award in the worker's recovery from a third person due to the same injury. *Restatement (Second) of Conflict of Laws* § 185 (1971). We apply Arizona law in applying Section 23–1023.

Arizona case law supports Aetna's argument that it has a claim against the entire settlement amount recovered by the Billingsleys from JEA because of Mr. Billingsley's injuries and the related losses suffered by Mrs. Billingsley. *See Liberty Mut. Ins. Co. v. Western Casualty & Sur. Co.*, 111 Ariz. 259, 263, 527 P.2d 1091, 1095 (1974) (en banc) (under Ariz.Rev.Stat.Ann. Section 23–1023 (1974) all monies collected are subject to the statutory lien, including amounts awarded for pain and suffering, loss of consortium, and other elements not compensable under the Workmen's Compensation Act). The pertinent provisions of the current version of the Act, Ariz.Rev. Stat.Ann. § 23–1023 (1983), do not differ from the 1974 version and have been interpreted consistently with it. *Martinez v. Industrial Comm'n of Ariz.*, 168 Ariz. 307, 308–09, 812 P.2d 1125, 1126–28 (Ct.App. 1991) (compensation carrier's lien extends to damages paid by third party tortfeasor for loss of consortium to spouse of injured worker, even though the funds were separately designated for the spouse's own injury). This is because Arizona courts do not focus on the nature of the worker's damages to determine the amount of an insurer's lien, but focus instead on the source of the money collected.

The important factor is who actually caused the injury for which the employer paid benefits. If the worker recovers money from someone other than the person who initially caused the compensable injury, the insurer has no lien on the worker's recovery, even though the recovery may be *related* to the initial injury. *Travelers Ins. Co. v. Breese*, 138 Ariz. 508, 512, 675 P.2d 1327, 1331 (Ct.App.1983) (plain language of Section 23–1023 prevents insurer from placing lien on worker's recovery for attorney malpractice in pressing his third party tortfeasor claim).

The statutory lien's purposes are to require the third party to pay what he would normally pay if there was no workers' compensation and to reimburse the carrier for its compensation expenditure while allowing the worker to enjoy any excess recovery. *Mannel v. Industrial Comm'n of Ariz.*, 142 Ariz. 153, 155, 688 P.2d 1045, 1047 (Ct.App.1984), *cert. denied*, 469 U.S. 1212, 105 S.Ct. 1183, 84 L.Ed.2d 331 (1985). The statute also furthers the general policy of preventing a worker's double recovery for a work-related injury caused by a third party tortfeasor. *Martinez v. Industrial Comm'n of Ariz.*, 168 Ariz. at 309, 812 P.2d at 1128.

Nevertheless, the statute's language distinguishes between an action brought by an employee and an action brought by an employee's dependents. *See* § 23–1023(A), (B) (which indicate that a lien is created against compensation collected by the

worker or, in the event of worker's death, against death benefits paid to the worker's dependents). The statute does not specify what happens if the worker and his dependents recover separate amounts *prior* to the worker's death.

■ In this case, the record suggests that under Arizona law Mrs. Billingsley had an actual claim for present damages as well as a potential claim for future damages. *See Mannel v. Industrial Comm'n of Ariz.*, 142 Ariz. at 157, 688 P.2d at 1049 (widow to whom Industrial Commission awarded benefits subject to a credit had participated in a third-party settlement while her husband was living and compromised "both her actual loss of consortium claims and her potential wrongful death claim"). On these facts, Arizona case law indicates that although the carrier's present right to reimbursement attaches to that portion of a spouse's recovery attributable to his or her claim for present damages, a carrier may not satisfy its lien for benefits paid from any amount awarded based on a potential claim for future damages unless and until the surviving spouse actually seeks and receives death benefits. *See Martinez v. Industrial Comm'n of Ariz.*, 168 Ariz. at 309–10, 812 P.2d at 1128–29. To provide otherwise would allow reimbursement to carriers for benefits that may never accrue. Rather, the carrier is entitled to a credit against any future liability for payments the surviving spouse may pursue and receive. *Id.*

■ In a situation such as this, then, both the language and the intent of the statute authorize the district court to distinguish those portions of the settlement attributable to Mrs. Billingsley's potential claim for future damages from those attributable to her claim for present damages; they are likewise distinguishable from those attributable to her husband's claim. Aetna was entitled to recover the compensation it had paid to Mr. Billingsley from the settlement proceeds attributable to his present injuries and to actual losses Mrs. Billingsley suffered that were common to herself and her husband. *See id.* 308–10, 812 P.2d at 1126–28. However,

Aetna was entitled only to a credit against future liability with respect to that portion of the settlement proceeds attributable to Mrs. Billingsley's potential claim in the event of her husband's death due to his work-related injuries. *Id.* 310–11, 812 P.2d at 1128–29; *see also Mannel v. Industrial Comm'n of Ariz.*, 142 Ariz. at 159, 688 P.2d at 1051. With respect to that portion of the settlement, Mrs. Billingsley will have recovered double what is due to her only if she receives future compensation benefits from Aetna because of her husband's injury-related death. If Mrs. Billingsley neither claims nor receives death benefits, no statutory basis for an offset against that portion of the settlement exists.

■ The district court's findings do not specify with particularity the basis for Mrs. Billingsley's separate damages and thus do not allow us to distinguish those portions of the proceeds attributable to her potential claim for future damages from those attributable to her claim for present damages. However, Aetna did not request such findings. Not having requested such findings, Aetna waived them. *See Goldie v. Yaker*, 78 N.M. 485, 432 P.2d 841 (1967). Having waived such findings, Aetna has not preserved any appellate claim that the trial court erred in identifying half of the settlement proceeds as Mrs. Billingsley's separate recovery.

■ On this issue, we believe that New Mexico law controls. *Restatement (Second) of Conflict of Laws* § 122 provides that "[a] court usually applies its own local law rules prescribing how litigation shall be conducted even when it applies the local law rules of another state to resolve other issues in the case." Section 127 of the *Restatement* is also pertinent and states: "The local law of the forum governs rules of pleading and the conduct of proceedings in court." Comment a to Section 127 includes the form of the verdict and judgment as one of the things considered controlled by local law. In any event, Arizona law appears to be similar. *See Elliott v. Elliott*, 165 Ariz. 128, 796 P.2d 930 (Ct. App.1990) (litigant must object to the inadequacy of the findings of fact and conclu-

sions of law at the trial level; failure to do so constitutes waiver).

Further, Aetna has not argued on appeal that it was entitled to credit against future liability to Mrs. Billingsley for compensation benefits in the event of her husband's death. Rather, Aetna argues it was entitled to a credit against future compensation benefits due to Mr. Billingsley in the amount of the difference between the sums it paid to him and the amount it recovered from his half of the settlement proceeds. The parties appear to agree that no further foreseeable workers' compensation benefits are due him. Under these circumstances, the credit issue argued on appeal is moot.

Aetna also argues that the district court erred in determining that a portion of the settlement was intended to compensate Mrs. Billingsley because Mrs. Billingsley did not assert her separate claim in the complaint. However, Aetna does not present any authority for the proposition that a party must assert her claim in a lawsuit before settling it. We see no reason why Mrs. Billingsley could not settle her potential claim with JEA. Additionally, we believe Aetna had notice that Mrs. Billingsley's separate claim was an issue of the suit because of the district court's previous refusal to dismiss Mrs. Billingsley from the action for failure to state a claim. *Cf. Rodgers v. Ferguson,* 89 N.M. 688, 556 P.2d 844 (Ct.App.1976) (defendants were entitled to know whether wage and medical claims were asserted as individual claims of the decedent or his widow or as community claims; on remand plaintiffs should be given the opportunity to amend complaint to state the basis of the wage and medical claims). Although this occurred before Aetna was joined as a defendant, it constituted the law of the case.

### III. COSTS.

Aetna also appeals the district court's calculation of costs, arguing that the costs awarded were not reasonable. However, under New Mexico law the district court has discretion in assessing costs, and its award will not be disturbed absent an abuse of discretion. *Pioneer Sav. & Trust,*

*F.A. v. Rue,* 109 N.M. 228, 784 P.2d 415 (1989). Aetna has not contended that Arizona law controls on this issue.

We believe that New Mexico law controls on this issue. *See Restatement (Second) of Conflict of Laws* § 127. We also believe that the standard of review is the same under Arizona law. *See Bayer v. Bayer,* 110 N.M. 782, 800 P.2d 216 (Ct.App.1990) (absent pleading or proof to the contrary, the law of the sister state is presumed to be the same as that of the forum); *see also Gilbert v. Board of Medical Examiners,* 155 Ariz. 169, 745 P.2d 617 (Ct.App.1987) (attorneys' fees and nontaxable costs awarded are reviewed under abuse of discretion standard; if there is any reasonable basis for the amounts awarded, judgment will not be disturbed on appeal).

The record supports a finding that the specific costs complained of, travel costs and the expense of procuring expert witnesses, were reasonably necessary. We conclude that there was no abuse of discretion in their inclusion in the award.

### IV. EQUITY AND THE LIEN AMOUNT.

In their cross-appeal, the Billingsleys argue that the district court erred when it failed to apply equitable principles to reduce Aetna's lien in proportion to the settlement amount. Aetna claims that it was not statutorily compelled to compromise its lien to encourage settlement, *Boy v. Fremont Indem. Co.,* 154 Ariz. 334, 337, 742 P.2d 835, 838 (Ct.App.1987), and argues that Arizona courts have refused to apply equitable principles to affect a lien created by Section 23–1023. *Liberty Mut. Ins. Co. v. Western Casualty & Sur. Co.,* 111 Ariz. at 263, 527 P.2d at 1095.

The lien right created by Section 23–1023 is treated as a right of subrogation. *Chevron Chem. Co. v. Superior Court,* 131 Ariz. 431, 435, 641 P.2d 1275, 1279 (1982) (en banc). New Mexico courts have applied equitable principles to adjust recovery claimed by a party entitled to exercise its subrogation rights, including those subrogation rights that arise by statute. *White*

*v. Sutherland,* 92 N.M. 187, 585 P.2d 331 (Ct.App.1978). The Arizona cases on which Aetna relies are not dispositive of the issue raised in this case. *Boy,* for example, denied a worker's claim against the carrier for bad faith refusal to settle.

We believe the trial court correctly concluded that it was not authorized to reduce Aetna's right to present reimbursement in proportion to the settlement amount. Any other result would be inconsistent with the terms of the statute and current case law.

In this case, the controlling statute specifically addresses how costs and attorney fees are to be handled. *Cf. Transport Indem. Co. v. Garcia,* 89 N.M. 342, 552 P.2d 473 (Ct.App.1976) (where no guidance on issue is given by workers' compensation statute, fundamental fairness must be the guideline; carrier seeking reimbursement from third party recovery should be charged with its proportionate share of costs). As we understand *Martinez,* Arizona case law appears to recognize the possibility of a practical reduction of the lien through a limitation on the carrier's right to collect present reimbursement from proceeds attributable to a dependent's potential claim for future damages. Under both the statute and case law, we are not persuaded that any other reduction is appropriate.

## V.  CONCLUSION.

We conclude that under Arizona law Aetna is entitled to seek recovery from the entire sum the Billingsleys recovered from JEA. However, we also conclude that Arizona law distinguishes a worker's recovery from that of his or her dependents and, when a carrier has not yet been required to pay any benefits to a dependent, limits the carrier to a future credit against sums recovered on behalf of that dependent's potential claim for future loss. Here, Aetna has paid Mr. Billingsley workers' compensation benefits; there is no evidence in the record that Aetna has paid Mrs. Billingsley any workers' compensation benefits on his behalf. Because Aetna did not request any findings on the basis of Mrs. Billingsley's right to half of the settlement proceeds, it

has not preserved any appellate claim that the district court erred in awarding her half, and it has not contended that it is entitled to a credit against future liability to her. Thus, we affirm the district court's decision that Aetna may not collect any amount from that portion attributable to Mrs. Billingsley's claims. We conclude that the credit issue argued on appeal is moot. We affirm the district court's calculation of costs that were subtracted from the settlement amount. We also affirm the district court's refusal to apply equitable principles associated with the right of subrogation to reduce Aetna's present right of reimbursement from Mr. Billingsley's share of the proceeds.

IT IS SO ORDERED.

DONNELLY, and APODACA, JJ., concur.