842 P.2d 1313

**Faith AITKEN, Petitioner–Employee,**

**v.**

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Amphitheater Public Schools, Respondent–Employer,**

**Unigard Insurance Company, Respondent–Carrier.**

**No. 2 CA–IC 91–0042.**

Court of Appeals of Arizona, Division 2, Department A.

May 14, 1992.

Review Granted on Issues 1 and 2 Jan. 12, 1993.

---

** Retired Judge L. Ray Haire and Judge Frank T. Galati were authorized to participate in this appeal by order of the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. 6, § 20 and A.R.S. § 38–813 (1985) and Ariz. Const. art. VI, sec. 3 respectively.

Dee–Dee Samet, P.C. by Arthur V. Gage, Gerald T. Barton and Robert Q. Hoyt, Tucson, for Petitioner–Employee.

Bury, Moeller, Humphrey & O'Meara by J. Michael Moeller and Roger W. Frazier, Tucson, for respondent-employer and respondent-carrier.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

### OPINION

LIVERMORE, Chief Judge.

Faith Aitken was employed by Amphitheater School District when she fell after stepping out of a doorway into an area where the sidewalk had been removed by Maya Construction Company. She filed a claim for workers' compensation benefits and has to date received $28,929.70 in medical and compensation benefits from Unigard Insurance, Amphitheater's insurance carrier. She, and her husband asserting loss of consortium, then filed a third-party negligence claim against Maya Construc-

tion. Maya Construction in turn alleged comparative negligence and brought Amphitheater in as a non-party at fault. The jury awarded the plaintiffs $319,292 in damages and assessed the percentage of fault as 65% Maya's, 25% Amphitheater's, and 10% Aitken's. Reducing the judgment by $79,823 and $31,929 respectively for Amphitheater's and Aitken's comparative negligence, the court awarded Aitken and her husband "jointly and equally as husband and wife" the sum of $207,350. From this judgment Aitken reimbursed Unigard the $28,929.70 it had paid in benefits, but objected to Unigard's claim of credit in the amount of $74,466.54 [1] against future benefits. She requested a hearing, arguing that the lien was too high given the employer's degree of fault, was unconstitutional, and should not attach to the husband's portion of the award for loss of consortium. The administrative law judge found in favor of Unigard, holding that the carrier's lien cannot be reduced by the employer's degree of fault and that it attaches to the husband's award for loss of consortium. The award was affirmed on review.

In this special action Aitken raises three issues for review: whether the carrier's lien is limited to the amount of benefits paid which exceed the employer's proportional share of damages, whether the lien provisions of A.R.S. § 23–1023 violate the non-abrogation and non-limitation clauses of Arizona's Constitution, and whether the lien extends to a spouse's loss of consortium award absent a claim of death benefits.

In Arizona, a worker who does not opt out of the workers' compensation scheme before being injured accepts workers' compensation as his or her sole remedy against the employer. Ariz. Const. art. 18, § 8; A.R.S. §§ 23–906(A) and 23–1022. By so doing, the worker gives up the right to sue the employer and the prospect of a large damage award in exchange for

1. This sum was arrived at by deducting from the $207,350 award the $28,929.70 reimbursed to Unigard as well as attorneys' fees and costs.

prompt, though limited, compensation.[2] The employee remains free to sue a third party for its negligent contribution to the injury, but the employer or its carrier has a lien on any damages recovered to the extent of the benefits paid, as well as a credit against future benefits to the extent of the recovery. A.R.S. § 23–1023. The lien, which is levied in part for the purpose of preventing double recovery by the injured worker, applies to "the amount actually collectable" from the third party recovery, defined by A.R.S. § 23–1023(C) as being "the total recovery less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery."

The Uniform Contribution Among Tortfeasors Act (UCATA), A.R.S. §§ 12–2501 et seq., enacted in 1984, allowed a defendant to recoup damages it paid to a plaintiff from other joint tortfeasors, but specifically prevented joint tortfeasors from asserting contribution claims against employers, who were statutorily immune. A.R.S. § 12–2501(H). See also *Dietz v. General Electric Co.*, 169 Ariz. 505, 821 P.2d 166 (1991). In 1987, however, our legislature enacted § 12–2506 abolishing joint liability and adopting instead a pure comparative fault system whereby the fault of all tortfeasors is considered "regardless of whether the person was, or could have been, named as a party to the suit." A.R.S. § 12–2506(B). Finding that this latter statute prevails over § 12–2501(H), prohibiting the assessment of non-party fault against immune employers, our supreme court in *Dietz, supra*, held that "[w]hen an employer negligently contributes to an employee's injury, the joint tortfeasors may require the employer's negligence to be considered for the assessment of fault under A.R.S. § 12–2506." *Dietz*, 169 Ariz. at 511, 821 P.2d at 172. The court specifically left for decision at a later time the issue of whether an employer or its carrier should be reimbursed from a third-party recovery "only in those instances where the employ-

er or its insurer has paid more than its proportionate share of the employee's damages." *Id.*, quoting *Taylor v. Delgarno Transport, Inc.*, 100 N.M. 138, 142, 667 P.2d 445, 449 (1983) (Payne, C.J., and Sosa, Senior J., dissenting).

■ The first issue we are asked to decide, therefore, is one of first impression in Arizona: Should the lien of an employer or its insurance carrier against the injured employee's recovery in a third-party action be reduced by the degree of fault attributed to the employer in that action?

Workers' compensation arose to meet the dual problems of increasing industrial injuries due to the industrial revolution, and inadequate compensation for those injuries due to common law defenses that worked against the injured employee. Because most industrial injuries are attributable to the inherent risks of employment as opposed to anyone's fault, it developed as a no-fault system designed to shift the burden of economic loss from the individual and society as a whole onto industry. See generally 1 A. Larson, *The Law of Workmen's Compensation* § 4 (1990); *Ossic v. Verde Central Mines*, 46 Ariz. 176, 49 P.2d 396 (1935). One of the basic tenets of the workers' compensation system, therefore, is that fault not be interjected into its workings. To rule that a carrier's lien must be reduced by the employer's proportionate share of fault would do just that. Moreover, the language of § 23–1023(C) simply could not be more precise: The carrier's lien is "on the amount actually collectable" from the third party, in this case $207,350.

While we cannot help but question the equity of this outcome—that the employee, whose damages have already been reduced by 25%, reflecting Amphitheater's proportionate share of fault, must nevertheless reimburse Amphitheater's carrier for 100% of the benefits received—we are bound by the rules of statutory construction to give effect to the clear and unequivocal mean-

---

**2.** Historically, the employer in turn gave up its right to common law defenses against the employee in return for limited liability. As Arizona is now a pure comparative negligence state and no longer recognizes the "unholy trinity" of contributory negligence, assumption of the risk, and the fellow servant doctrine, the exchange is, arguably, less than equal.

ing of the language used by the legislature. *Janson v. Christensen,* 167 Ariz. 470, 808 P.2d 1222 (1991). Although undoubtedly the legislature, when it enacted § 23–1023, did not have in mind its effect under a subsequent comparative negligence scheme, it is for the legislature, and not the courts, to make any necessary adjustments in the law.

■ Aitken argues next that § 23–1023(C) as applied in this case violates Ariz. Const. art. 18, § 6, prohibiting the abrogation of a cause of action, and Ariz. Const. art. 2, § 31, prohibiting limitations on the amount of damages to be recovered for causing the death or injury of a person. We disagree. The constitutionality of the comparative negligence statutes allowing a plaintiff to collect from a third party only the damages for which it is responsible has been upheld by our supreme court, *City of Phoenix v. Superior Court,* 149 Ariz. 143, 717 P.2d 447 (1986), as has the assessment of fault against a non-party, statutorily immune employer, *Dietz, supra.* The court in *Dietz* went even further to hold that the lien provisions of § 23–1023(C) "are part of the trade-off contemplated in the constitution—common law tort rights for no-fault workers' compensation benefits," Ariz. Const. art. 18, § 8, and "[i]n that regard, [are not] a limitation on the amount of damages recoverable...." *Dietz,* 169 Ariz. at 511, 821 P.2d at 172. For the same reason stated in *Dietz,* that Aitken had the option of suing Amphitheater and collecting the full amount of the judgment but chose instead to accept the trade-off offered by workers' compensation, we fail to see how the lien provisions abrogate Aitken's cause of action against Amphitheater. A.R.S. §§ 23–906(A) and 23–1022(A); *Anderson v. Industrial Commission,* 147 Ariz. 456, 461, 711 P.2d 595, 600 (1985). Practically in this case there is a potential reduction of the damages recoverable from third parties because of the application of the workers' compensation lien. That, too, it would seem is part of the constitutional trade-off.

■ As to the final issue, both the statutory language and the case law are clear that the carrier's lien extends to the total third party recovery, including that portion attributable to a spouse's loss of consortium. A.R.S. § 23–1023(C); *Mannel v. Industrial Commission,* 142 Ariz. 153, 688 P.2d 1045 (App.1984), *cert. den.,* 469 U.S. 1212, 105 S.Ct. 1183, 84 L.Ed.2d 331 (1985). In *Mannel* the court held:

> If a lien is allowed, it applies to the entire third party recovery (less expense and attorney's fees), even though this recovery includes damages not compensated under workers' compensation (such as pain and suffering, loss of pleasures in life, and a spouses' loss of consortium).

*Id.* at 156, 688 P.2d at 1048. What is less clear in this particular case is whether the carrier's credit attributable to the recovery for loss of consortium offsets only future death benefits. In *Martinez v. Industrial Commission,* 168 Ariz. 307, 812 P.2d 1125 (App.1991), Division One of this court held that while the carrier's lien attaches to the entire recovery, the credit attributable to the recovery for loss of consortium offsets only potential future death benefits. Unlike the award here, however, which was awarded "jointly and equally" to the employee and her husband, the award in *Martinez* was segregated. While Aitken urges us to interpret "jointly and equally" to mean that 50% of the damages were attributable to the husband for loss of consortium, any determination to that effect should have been made in the trial court and neither we nor the administrative law judge are in a position to second-guess what was intended. We hold therefore that, as to the carrier's credit, *Martinez* does not apply. For the same reasons set forth above, that the employee had the option to reject workers' compensation and pursue a third-party judgment free from any employer's lien, the carrier's lien is constitutional and not an abrogation of her right to bring a claim for full damages.

Award affirmed.

LACAGNINA, P.J., and HOWARD, J., concur.