IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

ANGELA MERKENS, an Arizona resident,
*Plaintiff/Appellant/Cross-Appellee*,

*v.*

FEDERAL INSURANCE COMPANY, a foreign insurer,
*Defendant/Appellee/Cross-Appellant*.

No. 1 CA-CV 13-0510
FILED 5-21-2015

Appeal from the Superior Court in Maricopa County
No.  CV2011-006767
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Surrano Law Offices, Scottsdale
By Charles J. Surrano, III, John N. Wilborn
*Counsel for Plaintiff/Appellant/Cross-Appellee*

Broening, Oberg, Woods & Wilson, PC, Phoenix
By James R. Broening, Robert T. Sullivan, Kevin R. Myer
*Counsel for Defendant/Appellee/Cross-Appellant*

**OPINION**

Judge Maurice Portley delivered the Opinion of the Court, in which
Presiding Judge Patricia A. Orozco and Judge Randall M. Howe joined.

**PORTLEY**, Judge:

¶1        This is a bad faith case.  We are asked to decide whether an injured worker who was receiving medical treatment expenses and temporary total disability workers' compensation benefits can sue the insurance company for bad faith and recover any unpaid benefits and related damages without first challenging the carrier's decision to terminate those benefits with the Industrial Commission.  Because we find that the superior court properly granted summary judgment for the carrier and did not abuse its discretion by denying the carrier's request for attorneys' fees, we affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

¶2        Angela Merkens was injured in 2010 when she accidentally inhaled vinyl cyclo-hexene diepoxide, a toxic substance, while working as a laboratory research associate for Senestech, Inc.  She filed a workers' compensation claim and Federal Insurance Company ("Federal"), Senestech's workers' compensation carrier, accepted the claim and paid her medical expenses and temporary total disability benefits.

¶3        Merkens was treated by Dr. David Baratz for six months without any improvement and he then recommended an open lung biopsy.  Because Merkens was going to be in California, Federal sent her to Dr. Ajit Arora for an independent medical examination ("IME").  It turned out that although Merkens could not attend the appointment, Dr. Arora prepared a report recognizing that the inhaled substance was toxic, but questioning whether any injury occurred.

¶4        Merkens attended an IME that Federal scheduled in Phoenix with Dr. Amy Silverthorn.  After the examination, Dr. Silverthorn found that Merkens suffered from chronic airway disease because of the exposure and recommended further testing.  The third IME was with Dr. Lawrence Repsher, who reported that Merkens did not suffer from asthma or any other pulmonary or respiratory conditions or diseases, but suggested she be evaluated by a mental health provider.

¶5        After receiving Repsher's report, Federal filed a notice of claim status terminating Merkens's temporary total disability compensation and medical expenses because she did not have a permanent disability.  Merkens did not challenge Federal's decision with the Industrial

Commission. Instead, she sued Federal for breach of contract and bad faith.[1]

¶6　　　　Claiming that Merkens had failed to exhaust her administrative remedies or establish bad faith or damages, Federal moved for summary judgment. The superior court found that Merkens's bad faith claim was not barred by her failure to challenge the denial of benefits with the Industrial Commission, but concluded that she failed to establish that any damages she suffered were separate from her workplace injury or denial of benefits. The court also denied Federal's request for attorneys' fees. After the entry of the judgment, Merkens appealed and Federal cross-appealed. We have jurisdiction under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).[2]

## DISCUSSION

¶7　　　　Merkens contends that the superior court erred in granting Federal's summary judgment motion. She specifically argues that the court failed to recognize that she could claim and recover the unpaid compensation benefits for her workplace injury as damages for Federal's bad faith denial of her compensation benefits without first presenting the claim to the Industrial Commission.

¶8　　　　We review the grant of summary judgment de novo. *Acosta v. Phoenix Indem. Ins. Co.,* 214 Ariz. 380, 381, ¶ 2, 153 P.3d 401, 402 (App. 2007) (citation omitted). Summary judgment is appropriate where no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. *Id.*; Ariz. R. Civ. P. 56(a). We view the facts in a light most favorable to the non-moving party. *State Comp. Fund v. Yellow Cab Co. of Phoenix,* 197 Ariz. 120, 122, ¶ 5, 3 P.3d 1040, 1042 (App. 1999).

¶9　　　　Generally, a claim for bad faith "arises when the insurance company intentionally denies, fails to process or pay a claim without a reasonable basis for such action." *Noble v. Nat'l Am. Life Ins. Co.,* 128 Ariz. 188, 190, 624 P.2d 866, 868 (1981). We have recognized that a workers' compensation carrier can be liable for the tort because the bad faith is separate and not a direct or natural consequence of the compensable industrial injury. *See Franks v. U.S. Fidelity & Guarantee Co.,* 149 Ariz. 291, 718 P.2d 193 (App. 1985); *Boy v. Fremont Indem. Co.,* 154 Ariz. 334, 338, 742

---

[1] Merkens subsequently dismissed the breach of contract claim.
[2] We cite to the current version of the statute unless otherwise noted.

P.2d 835, 839 (App. 1987); *Mendoza v. McDonald's Corp.*, 222 Ariz. 139, 149, ¶ 32, 213 P.3d 288, 298 (App. 2009).

¶10　　　　In the workers' compensation context, the tort of bad faith was first alluded to in *Sandoval v. Salt River Project Agric. Improvement & Power Dist.*, 117 Ariz. 209, 571 P.2d 706 (App. 1977). In reviewing the injured worker's allegations about the handling and processing of his workers' compensation claim, we stated that where the claim is for the deprivation of benefits, the Industrial Commission has exclusive jurisdiction to adjudicate the controversy, but recognized that "an actionable tort within the jurisdiction of the superior court might be committed by a self-insured employer or compensation carrier while engaged in the processing of a [workers'] compensation claim." *Id.* at 214, 571 P.2d at 711.

¶11　　　　Eight years later in *Franks*, we recognized the intentional tort of bad faith in the workers' compensation context. 149 Ariz. at 293-94, 718 P.2d at 195-96. There, the carrier accepted the claim for benefits, but continually changed its position to find a way to avoid paying benefits even after an administrative law judge ordered it to pay and found it acted in bad faith. *Id.* Franks then sued the carrier in superior court and sought damages for "loss of use of compensation and medical benefits, damages for mental and emotional distress, and for punitive damages." *Id.* at 293, 718 P.2d at 195. In reversing the superior court's dismissal, we stated three important precepts. First, the "Workers' Compensation Act does not bar a common law tort action that is independent of the workers' benefit claim process if the conduct does not fall within the coverage of the Act." *Id.* at 295, 718 P.2d at 197. Second, intentional acts that constitute "bad faith by a carrier in the handling of a workers' compensation claim do[ ] not arise out of and in the course of employment[,]" and, as a result, the exclusive remedy of the Workers' Compensation Act could not address Franks' alleged tort injuries. *Id.* at 296, 718 P.2d at 198. Finally, the lawsuit could proceed because Franks was only seeking damages due to the carrier's bad faith. *Id.* at 296-97, 718 P.2d at 198-99; *see also Mendoza*, 222 Ariz. at 149, ¶ 32, 213 P.3d at 298 (stating that "the insured is entitled to recover ordinary tort damages. *Rawlings v. Apodaca*, 151 Ariz. 149, 161, 726 P.2d 565, 577 (1986) (bad faith claimant [']may recover all the losses caused by [the] defendant's conduct, including damages for pain, humiliation and inconvenience, as well as for pecuniary losses [')]").

¶12　　　　Nearly two years later in *Boy*, we found that an "action for bad faith may arise on the basis of conduct on the part of a carrier that precedes a final award." 154 Ariz. at 338, 742 P.2d at 839 (citing *Travelers*

*Ins. Co. v. Savio*, 706 P.2d 1258, 1267 (Colo. 1985)).  After noting the facts in *Savio* where "the carrier repeatedly refused to process a claimant's request for vocational rehabilitation benefits," we recognized and adopted the *Savio* court's conclusion that the Workers' Compensation Act did not bar the bad faith action because "the duty of good faith precedes official intervention and permeates all of the dealings between the parties."  *Id.* (internal quotation marks and citations omitted); *see Savio*, 706 P.2d at 1266 ("bad faith handling of a claim . . . is . . . not a risk contemplated by the [Workers' Compensation] Act").

**¶13**        To date, the Arizona cases addressing a bad faith claim in the workers' compensation context have involved injured workers who had or were pursuing a compensability determination before the Industrial Commission.  *See Hayes v. Continental Ins. Co.*, 178 Ariz. 264, 266, 872 P.2d 668, 670 (1994) (injured worker could proceed with bad faith action in superior court after seeking workers' compensation benefits that the carrier improperly denied without justification at the Industrial Commission);[3] *Franks*, 149 Ariz. at 292-93, 718 P.2d at 194-95 (injured worker filed bad faith lawsuit after continually and successfully challenging the carrier's attempt to terminate temporary disability and medical expense benefits); *Boy*, 154 Ariz. at 335-38, 742 P.2d at 836-39 (injured worker who received compensation benefits could not challenge the carrier's refusal to reduce its lien as he tried to settle his products liability lawsuit with a third party, but was allowed to prosecute his claim for bad faith handling of the claim to increase his benefits because the carrier terminated its supportive medical maintenance benefits after he requested a hearing to secure additional benefits); *Mendoza*, 222 Ariz. at 149, 213 P.3d at 298 (injured worker received compensation benefits from the Industrial Commission and successfully sued carrier for bad faith after having to repeatedly, and successfully, challenge the carrier's decisions to terminate temporary total disability benefits and its refusal to provide various medical benefits).  Here, however, Merkens did not seek a determination from the Industrial Commission that she was entitled to continuing benefits.  Instead, she claims she is entitled, in her superior court action, to recover the unpaid

---

[3] Our supreme court also recognized that if the Industrial Commission found that an insurance carrier or claims processing representative had acted in bad faith, the finding "does not divest Arizona's courts of jurisdiction over worker's compensation bad faith actions."  *Id.* at 275, 872 P.2d at 679.

compensation and medical benefits related to her injury caused by Federal's termination of her benefits, as well as related tort damages.[4]

¶14        Although we have not comprehensively addressed the ways a carrier can commit bad faith, it has been recognized that a workers' compensation carrier can commit the tort in two distinct ways: (1) the intentional and unreasonable denial of a claim ("bad faith denial of benefits"); or (2) the intentional and unreasonable failure to process, handle, or pay the claim ("bad faith handling of the claim").  *See generally* Michael A. Rosenhouse, *Tort Liability of Worker's Compensation Insurer for Wrongful Delay or Refusal to Make Payments Due*, 8 A.L.R. 4th 902 (1981); George L. Blum, *What Constitutes Bad Faith on Part of Insurer Rendering It Liable for Statutory Penalty Imposed for Bad Faith in Failure To Pay, or Delay in Paying, Insured's Claim — Particular Conduct of Insurer*, 115 A.L.R. 5th 589 (2004).

¶15        Throughout the trial court proceedings and on appeal, Merkens has repeatedly asserted that she was seeking damages for Federal's bad faith termination of her benefits.  As a result, we confine our review to bad faith denial of benefits.[5]

¶16        To prove a bad faith denial of workers' compensation benefits, a plaintiff must demonstrate: (1) the carrier and the injured worker had an insurer-insured relationship, or the worker is a third-party beneficiary of the policy, *see Franks*, 149 Ariz. at 295, 718 P.2d at 197

---

[4] In Merkens's complaint and statement of facts opposing Federal's motion for summary judgment, she asserts that she "is entitled to reasonable benefits including reasonable medical care and total disability income benefits."

[5] Although the superior court reviewed both the bad faith denial of benefits and bad faith handling of the claim, Merkens asserts on appeal the superior court erred by considering a bad faith handling of the claim because the gravamen of her case was for the bad faith denial of benefits.  In fact, in her objection to Federal's statement of facts, she asserts that she "is tying all of her damages to the denial of benefits."  Again, in her motion for new trial or in the alternative motion for reconsideration, she states that her claim for damages arises "out of a bad faith denial of benefits."  Consequently, we consider any claim arising from the bad faith handling of the claim and any resulting damages as abandoned.  *See Ritchie v. Krasner*, 221 Ariz. 288, 211 P.3d 1272 (App. 2009) (noting that a failure to raise an issue and provide citations to the authorities, statutes and parts of the record can constitute abandonment and waiver of claim).

(citations omitted); (2) the absence of a reasonable basis for denying benefits of the policy, *see id.*; (3) "the [carrier's] knowledge or reckless disregard of the lack of a reasonable basis for denying the claim," *see Noble*, 128 Ariz. at 189, 624 P.2d at 867; and (4) traditional tort damages proximately caused by the denial of workers' compensation benefits rather than the damages resulting from the workplace injury, e.g., damages for pain, humiliation and inconvenience, and pecuniary losses, *see Mendoza,* 222 Ariz. at 149, ¶¶ 32-33, 213 P.3d at 298.

**¶17**　　　　Relying on *Franks, Boy* and *Savio*, Merkens contends that she can pursue her bad faith denial of benefits without pursuing her administrative remedies and obtaining a final award from the Industrial Commission.  We disagree.

**¶18**　　　　Even though an injured worker may file a suit alleging bad faith handling of the claim before a final award, in a bad faith denial of benefits lawsuit, the worker must first have at least sought a compensability determination from the Industrial Commission.[6]  The reason is simple — once an injured worker makes a claim for workers' compensation, the Industrial Commission has the exclusive jurisdiction to determine whether the injured worker is entitled to benefits and the amount of those benefits. *See* Ariz. Const. art. 18, § 8; A.R.S. §§ 23-901 to -1104; -1022(A) ("The right to recover compensation pursuant to this chapter for injuries sustained by an employee . . . is the exclusive remedy against the employer . . ., and against the employer's workers' compensation insurance carrier . . ., except as provided by § 23-906 . . . ."); *see also Gibbons v. Indus. Comm'n of Ariz.*, 197 Ariz. 108, 111, ¶ 9, 3 P.3d 1028, 1031 (App. 1999); *Regnier v. Indus. Comm'n*, 146 Ariz. 535, 539, 707 P.2d 333, 337 (App. 1985) (whether a benefit is reasonably required under the workers' compensation statutes is a question for the Industrial Commission).

**¶19**　　　　Even if we assume the evidence would show that Federal (through its employees) acted in bad faith by denying Merkens's claim, the finder of fact would have to make a compensability determination to find that Federal unreasonably terminated Merkens's benefits.  *See Franks*, 149 Ariz. at 295, 718 P.2d at 197 (citations omitted).  Moreover, without a

---

[6] We note that although there can be simultaneous proceedings in both the Industrial Commission and superior court, the superior court, as it did in *Sandoval*, should wait to resolve any dispositive motions, or allow the case to proceed to a jury, until after the Industrial Commission has resolved the challenges to the denial or termination of benefits. 117 Ariz. at 212, 571 P.2d at 709.

compensability determination, the finder of fact could not award as damages any unpaid policy benefits due from the industrial injury because only the Industrial Commission can determine whether benefits are due and order payment. *See Gibbons,* 197 Ariz. at 111, ¶ 9, 3 P.3d at 1032 ("The [Industrial Commission] has exclusive jurisdiction to adjudicate claims for workers' compensation.") (citations omitted); *Sandoval*, 117 Ariz. at 214, 571 P.2d at 711 ("[Workers'] Compensation law provides the exclusive remedy for review of any administrative decision made by a carrier . . . in which the basic contention of the claimant is that [she] has been wrongfully deprived of benefits[.]"). As a result, to allow a plaintiff to seek damages based on a denial of benefits from the carrier without pursuing benefits through the workers' compensation system would be akin to ordering that the benefits be paid for, thereby circumventing the Industrial Commission's exclusive jurisdiction to decide the issue.

¶20        Merkens contends that she did not need to pursue the carrier's denial of her compensation benefits through the Industrial Commission because *Franks* recognized that a claimant could state a claim for bad faith against a workers' compensation carrier. But *Franks* did not overrule *Sandoval;* it recognized the factual differences and built on the *Sandoval* language noting that there could be a tort claim. *Franks*, 149 Ariz. at 294-96, 718 P.2d at 196-98. Moreover, *Franks* could not overrule *Sandoval* because the constitution and statutory framework give the Industrial Commission the exclusive jurisdiction to resolve compensation claims and benefits. *Id.* at 296, 718 P.2d at 198. More importantly, in *Franks*, *Hays* and *Mendoza*, the cases that Merkens relies on, the Industrial Commission had already determined that the claimants were entitled to compensation benefits; as a result, those plaintiffs could assert their claims for damages based on the carrier's bad faith denial of benefits. *See Hayes*, 178 Ariz. at 266, 872 P.2d at 670; *Franks,* 149 Ariz. at 292, 718 P.2d at 194; *Mendoza,* 222 Ariz. at 146-47, ¶ 23, 213 P.3d at 295-96. The trial court in those cases, unlike here, did not have to determine whether the claimant was entitled to or the amount of the benefits.[7]

---

[7] Moreover, *Cincinnati Ins. Companies v. Kirk,* 801 N.W.2d 856, 860 (Iowa 2011), does not support Merkens's argument. In recognizing that the plaintiff could pursue an independent action for fraud against the carrier, an action akin to bad faith, the Iowa Supreme Court found that the Iowa Industrial Commission had determined that Kirk was entitled to benefits and the amount of benefits. *Id.* Consequently, *Kirk* supports the analysis in *Franks*, *Hays* and *Mendoza* that allows a bad faith denial of benefits claim to

¶21 Merkens, however, argues that she is entitled to have a jury decide her damages, which would require the jury to first make a determination that she was entitled to continuing benefits resulting from her workplace injury and then decide the amount of those benefits. Because she did not opt out of the workers' compensation system and sue her employer directly for her industrial injury, *see* A.R.S. § 23-906(A), only the Industrial Commission can determine whether she was entitled to compensation for any disability resulting from the workplace accident. And, because Merkens did not challenge Federal's decision with the Industrial Commission, she cannot maintain an action against Federal for bad faith denial of benefits in the superior court because the trial court finder of fact would have to make a determination that only the Industrial Commission can make — whether she is entitled to continuing benefits for injuries suffered as a result of the workplace accident. *Sandoval*, 117 Ariz. at 214, 571 P.2d at 711 ("[Workers'] Compensation law provides the exclusive remedy for review of any administrative decision made by a carrier . . . in which the basic contention of the claimant is that [she] has been wrongfully deprived of benefits[.]"). As a result, the superior court appropriately granted summary judgment. *See Sanchez v. Tucson Orthopaedic Inst.*, 220 Ariz. 37, 39, ¶ 7, 202 P.3d 502, 504 (App. 2008) (noting that we may uphold the trial court's entry of summary judgment if it was correct for any reason supported by the record).

## CROSS-APPEAL REGARDING DENIAL OF ATTORNEYS' FEES

¶22 Federal challenges the denial of its request for attorneys' fees under A.R.S. § 12-341.01. We review the ruling for an abuse of discretion and will affirm unless the evidence, which we view in the light most favorable to sustaining the court's decision, does not support the ruling. *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 587, ¶ 31, 20 P.3d 1158, 1168 (App. 2001) (citations omitted).

¶23 The superior court has discretion to award attorneys' fees to the successful party in a contested contract action under § 12-341.01(A). In determining whether to award fees, the court may consider all the factors outlined in *Associated Indem. Corp. v. Warner*, but is not required to award fees to the prevailing party. 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).

---

go forward after the Industrial Commission determined the worker was entitled to benefits.

¶24 Here, the court considered all the factors outlined in *Associated Indemnity*. We will not reweigh evidence on appeal. *See id.* at 571, 694 P.2d at 1185 (citations omitted).

¶25 Federal, however, contends that the court erred by finding the extreme hardship factor outweighed the remaining factors. Although Merkens should have challenged the denial of her benefits with the Industrial Commission before suing Federal, the record is clear about the hardship caused by Federal's decision. Because Merkens demonstrated that she cannot work due to her workplace injury and is, as a result, financially destitute and unable to pay any award, the court did not abuse its discretion by denying Federal's request for fees.

## ATTORNEYS' FEES AND COSTS ON APPEAL

¶26 Both parties request attorneys' fees on appeal under A.R.S. § 12-341.01. Because Merkens was not the successful party, she is not entitled to attorneys' fees.

¶27 We have also considered the *Associated Indemnity* factors, including Federal's success on appeal. *Id.* at 570, 694 P.2d at 1184. However, given Merkens's financial condition, we exercise our discretion and deny Federal's request for attorneys' fees on appeal.

## CONCLUSION

¶28 We affirm the judgment of the superior court.



Ruth A. Willingham · Clerk of the Court
FILED: ama