NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DARRYL TAURMAN, *Petitioner*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent*,

SUNDT CORP., *Respondent Employer*,

ST. PAUL FIRE & MARINE INS. CO. C/O TRAVELERS INS.,

*Respondent Carrier*.

No. 1 CA-IC 14-0086
FILED 12-15-2015

Special Action - Industrial Commission
ICA Claim No. 92081-104777
Carrier Claim No. 514-CB-VKM6977-H
The Honorable Layna Taylor, Administrative Law Judge

**AWARD AFFIRMED**

COUNSEL

Darryl Taurman, Gardena, CA
*Petitioner*

Industrial Commission of Arizona, Phoenix
By Andrew F. Wade
*Counsel for Respondent*

Lundmark Barberich La Mont & Slavin, P.C., Phoenix
By R. Todd Lundmark
*Counsel for Respondent Employer/Carrier*

---

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Maurice Portley joined.

---

**D O W N I E**, Judge:

**¶1**　　　Darryl Taurman petitions for review of the denial of his bad faith claim against St. Paul Fire & Marine Ins. Co. c/o Travelers Ins. ("Carrier"). For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2**　　　In 1992, Taurman sustained industrial injuries to both feet. The Industrial Commission ("Commission") determined Taurman had a permanent partial disability and awarded him benefits. In January 2012, Taurman had surgery on his left foot and began physical therapy. The physical therapist used an ice boot that proved effective in controlling swelling. Taurman spoke with his claims representative about obtaining an ice boot for use at home. She advised Taurman that he needed a prescription from his doctor for the boot.

**¶3**　　　On May 9, 2012, Taurman's doctor wrote a prescription for an ice boot but faxed it to an incorrect number. On May 24, 2012, Taurman faxed the prescription to Home Link — a medical supply company Carrier uses for durable medical equipment. The claims representative authorized the boot the next day.

---

[1]　　We view the facts in the light most favorable to sustaining the Commission's award. *See Tsosie v. Indus. Comm'n*, 183 Ariz. 539, 540 (App. 1995).

**¶4** Taurman received a delivery from Home Link on May 30, 2012, but it was not the correct boot. He contacted Home Link and the claims representative to advise of the mistake. The claims representative immediately authorized the correct boot, which Taurman received on June 18, 2012. Home Link alleged that Taurman refused delivery several times — something Taurman denied. Taurman alleges the delay in receiving the boot led to a bone infection.

**¶5** Taurman filed a complaint with the Commission alleging bad faith by Carrier. The Commission denied the complaint. In April 2014, an evidentiary hearing was held before an administrative law judge ("ALJ"). The ALJ found no bad faith, whereupon Taurman filed a request for review. Upon review, the ALJ affirmed her determination, and Taurman timely requested this Court's review. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-120.21(B).

**DISCUSSION**

**¶6** Taurman argues the delay in receiving an ice boot was due to bad faith by Carrier.[2] The ALJ, however, ruled that although there were delays in receipt of the boot, "the record establishes that the delays were not the fault of the Carrier, and do not constitute bad faith." The record supports this determination.

**¶7** Our review of the ALJ's findings of fact is limited to whether those findings are reasonably supported by the evidence. *See* A.R.S. § 23-951(B); *Benafield v. Indus. Comm'n*, 193 Ariz. 531, 535, ¶ 11 (App. 1998). Generally, a claim for bad faith arises when a carrier unreasonably denies a claim or unreasonably fails to process, handle, or pay a claim. *See* Ariz. Admin. Code ("A.A.C.") R20-5-163(A); *see also* A.R.S. § 23-930(E) ("commission shall adopt by rule a definition of . . . bad faith"); *Merkens v. Fed. Ins. Co.*, 237 Ariz. 274, 277, ¶ 14 (App. 2015) (Tort of bad faith is intentionally and unreasonably denying, or failing to handle, a claim.). This includes unreasonable delay in authorizing medical treatment. A.A.C. R20-5-163(A)(2)(b).

---

[2] Taurman's opening brief consists of a series of letters written to this Court. In some, he argues he should have been assigned a case nurse. Although Taurman made this assertion in a different Commission proceeding, he did not seek this Court's review of that matter, and the ALJ did not address the issue in this case. We thus do not consider it.

¶8        The record supports the determination that neither the claims representative nor Carrier unreasonably failed to process, handle, or approve Taurman's request for an ice boot.  The claims representative initially required Taurman to obtain a prescription — a practice the record established is standard protocol for ensuring that requested equipment is medically necessary.  Neither the claims representative nor Carrier was responsible for the delay occasioned by the doctor's use of an incorrect fax number.  Moreover, although the doctor faxed the prescription to the wrong number on May 9, 2012, the claims representative testified that she authorized the ice boot as of that date, once she learned a prescription had been written.  The claims representative again authorized the boot on May 25, 2012 — one day after Taurman faxed the prescription to the correct number.  Later, when Taurman advised that the wrong device had been delivered, the claims representative authorized the correct boot that same day.  Contrary to Taurman's suggestion, Carrier was not required to obtain the boot from a different source, and nothing in the record suggests that using Home Link — Carrier's usual supplier for durable medical equipment — amounted to bad faith.

**CONCLUSION**

**¶9**          Taurman did not establish that the Carrier or claims representative failed to reasonably process, handle, or approve his claim. We therefore affirm the Commission's award.



Ruth A. Willingham · Clerk of the Court
FILED: ama