NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ATHENA FINNEY LANE-JACOBSON, *Plaintiff/Appellant/Cross-Appellee*,

*v.*

MERCURY CASUALTY COMPANY, *Defendant/Appellee/Cross-Appellant*.

No. 1 CA-CV 19-0246
FILED 6-2-2020

Appeal from the Superior Court in Maricopa County
No. CV2016-010863
The Honorable Roger E. Brodman, Judge

**AFFIRMED**

COUNSEL

Athena Finney Lane-Jacobson, Phoenix
*Plaintiff/Appellant/Cross-Appellee*

Gordon Rees Scully Mansukhani, LLP, Phoenix
By Matthew G. Kleiner, Annelise M. Dominguez
*Counsel for Defendant/Appellee/Cross-Appellant*

---

## MEMORANDUM DECISION

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

¶1　　　　Athena Finney Lane-Jacobson appeals the superior court's award of summary judgment to Mercury Casualty Company for breach of contract and breach of good faith and fair dealing. Mercury Casualty cross-appeals the denial of attorneys' fees. We affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2　　　　In July 2014, a storm caused water damage to the home of James Jacobson and Ms. Lane-Jacobson (collectively, "the Jacobsons"). The Jacobsons made a claim for water damage under their homeowner's insurance policy with Mercury Casualty.

¶3　　　　Mercury Casualty retained Sams & Associates ("Sams"), an independent adjustment company, to inspect the property and estimate damages. On August 9, 2014, an adjustor from Sams inspected the home. According to the Jacobsons, the Sams adjuster refused to inspect the interior of the home for damage and limited his investigation to the home's exterior. The adjuster concluded that the property sustained exterior damage. On August 14, 2014, Mercury Casualty made a payment to the Jacobsons consistent with the adjuster's report and closed the claim.

¶4　　　　The Jacobsons contacted Mercury Casualty again in September 2014 to address the claim for interior water damage. Mercury Casualty reopened the claim. Another adjustor from Sams inspected the home and found interior water damage. ServPro, a remediation company, began interior remediation efforts. Claim records suggest that, as part of the remediation efforts, ServPro advised that demolition or wall cavity air testing in each affected room could be conducted to verify any presence of mold, but that the Jacobsons were "not too big on a lot of demo[lition] . . . ." ServPro also conducted interior mold sampling. The subsequent mold sampling report showed elevated or abnormal levels of mold in the interior of the home. ServPro then provided mold remediation.

¶5        In October 2014, post-remediation air testing results showed "acceptable post-remediation air sampling results." Mercury Casualty paid the Jacobsons that month for the additional damage to the property.

¶6        In December 2014, the Jacobsons contacted Mercury Casualty and ServPro and reported "mold poisoning," claiming "ServPro didn't do their job." The Jacobsons wanted to "open[] a claim for mold poisoning." In April 2015, Mercury Casualty spoke to Mr. Jacobson about his mold concerns and the claim file shows that he agreed to send Mercury Casualty documents related to "doctors information, hospital visits, etc." in support of his mold poisoning concerns. The claim file reflects more conversations with Mr. Jacobson, but no additional documentation from the Jacobsons related to their mold poisoning claim. Mercury Casualty closed the Jacobsons' claim in June 2015.

¶7        In March 2016, Ms. Lane-Jacobson conducted her own mold sampling and sent the samples to a laboratory for testing. According to Ms. Lane-Jacobson, the laboratory found that one of her four samples was "unsafe," but she did not inform Mercury Casualty of the results.

¶8        In July 2016, the Jacobsons retained Environmental Analytics to perform an indoor environmental quality assessment. Environmental Analytics could not determine whether any alleged mold growth was related to the July 2014 storm. The Jacobsons did not inform Mercury Casualty of these results.

¶9        In the summer of 2016, the Jacobsons contacted ServPro to inspect the property again. ServPro hired Syntech Environmental Management, LLC to conduct mold sampling. While this sampling revealed no abnormal levels of mold in the home's interior in August 2016, ServPro provided further mold remediation at the Jacobson's request. Air clearance testing revealed acceptable results in September 2016.

¶10        The Jacobsons sued Mercury Casualty, alleging breach of contract and the duty of good faith as well as negligence, the latter of which the court dismissed. The Jacobsons claimed personal injury damages due to mold poisoning from the failure to properly inspect the home's interior and the failure to timely and acceptably remediate mold and water damage.

¶11        Mercury Casualty served an offer of judgment for $25,000 on the Jacobsons and moved for summary judgment, which the court granted. The court awarded Mercury Casualty taxable costs and sanctions for the Jacobsons' failure to accept Mercury Casualty's offer of judgment; the total award was approximately $25,000. The court denied Mercury Casualty's

request for attorneys' fees above $120,000, in part finding that such an award would be an extreme financial hardship to the Jacobsons and that such an award could deter future litigants.

¶12         We have jurisdiction over Ms. Lane-Jacobson's appeal and Mercury Casualty's cross-appeal under A.R.S. section 12-2101(A)(1).

## DISCUSSION

### I.      Substantive Claims

¶13         We review the trial court's grant of summary judgment *de novo*, viewing the facts "in the light most favorable" to Ms. Lane-Jacobson. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). We will affirm summary judgment when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a); *Thompson v. Pima Cty.*, 226 Ariz. 42, 44, ¶ 5 (App. 2010).

####       A.      Breach of Contract

¶14         The Jacobsons had the burden to prove Mercury Casualty breached its contract and the breach caused damages. *Chartone, Inc. v. Bernini*, 207 Ariz. 162, 170, ¶ 30 (App. 2004); *Thunderbird Metallurgical, Inc. v. Arizona Testing Labs.*, 5 Ariz. App. 48, 50 (App. 1967).

¶15         The Jacobsons claimed Mercury Casualty breached its policy when the adjustor made an insufficient initial inspection by not examining the home's interior and allowed unremediated damage to fester, causing mold poisoning. The superior court ruled that the Jacobsons failed to demonstrate what portion of the contract Mercury Casualty breached or how the unspecified breach damaged them. In support of its ruling, the superior court found that even if the initial inspection in August 2014 was inadequate, Mercury Casualty cured any breach when it conducted a subsequent inspection and remediation of the property in October 2014. On appeal, Ms. Lane-Jacobson argues the superior court improperly granted summary judgment because the court ignored that ServPro again remediated the property for mold in 2016 and further argues that subsequent remediations establish a factual issue as to the adequacy of the initial investigation.

¶16    Even if an alleged failure to timely investigate and remediate a mold claim breached a contract provision, Ms. Lane-Jacobson must still prove causation. *Chartone*, 207 Ariz. at 170, ¶ 30; *Thunderbird*, 5 Ariz. App. at 50. In response to the summary judgment motion, the Jacobsons presented no evidence that any delay in inspecting or remediating the property caused any alleged mold poisoning. Without causation evidence, the superior court properly granted summary judgment to Mercury Casualty. *Cullison v. City of Peoria*, 120 Ariz. 165, 168 (1978) (party opposing summary judgment has the burden to show competent evidence justifying a triable issue of fact); *Burrington v. Gila County*, 159 Ariz. 320, 325 (App. 1988) (conclusory allegations insufficient to defeat summary judgment).

B.    Breach of the Duty of Good Faith and Fair Dealing

¶17    A party to a contract has a duty to act fairly and in good faith. *Rawlings v. Apodaca*, 151 Ariz. 149, 153 (1986). To prove that Mercury Casualty breached the duty of good faith and fair dealing, the Jacobsons had to prove that Mercury Casualty failed to pay their claim or delayed payment of their claim without a reasonable basis for such action. *See Noble v. Nat'l Am. Life Ins. Co.*, 128 Ariz. 188, 190 (1981). Further, the Jacobsons had to prove that Mercury Casualty knew that it acted without a reasonable basis or Mercury Casualty failed to perform an investigation or evaluation adequate to determine whether a reasonable basis supported its action. *Rawlings*, 151 Ariz. at 156; *Noble*, 128 Ariz. at 190.

¶18    The Jacobsons argued that Mercury Casualty ignored their claims as to interior damage. Even if Mercury Casualty explicitly instructed the Sams adjuster to only inspect the home's exterior, Mercury Casualty ultimately reopened the claim, inspected the home's interior, remediated the home, and made payment for interior damage. Moreover, the Jacobsons failed to present any evidence that Mercury Casualty knew it lacked a reasonable basis for delaying payment.

¶19    The Jacobsons also argue that summary judgment was inappropriate on their bad faith claim because whether Mercury Casualty did "not open[] a timely mold investigation" in 2014 was a fact question. But the Jacobsons' mere notice of mold poisoning to Mercury Casualty in December 2014 does not raise a factual question on the bad faith claim. The bad faith claim was dismissed because the Jacobsons offered no evidence that Mercury Casualty knowingly failed to address their mold concerns without a reasonable basis. In fact, the record shows that Mercury Casualty and the Jacobsons discussed the mold poisoning concerns and the Jacobsons agreed to submit supporting documentation, but failed to do so.

¶20 The Jacobsons also contend there was a fact question because ServPro's agents told the Jacobsons that Mercury Casualty did not want to pay for destruction and that mere testing on the wall cavity was sufficient. Again, the Jacobsons presented no admissible evidence that ServPro's agents told the Jacobsons that Mercury Casualty would not pay for destructive testing. With no admissible evidence to support the bad faith claim, the court properly granted summary judgment. *Cullison*, 120 Ariz. at 168; *Burrington*, 159 Ariz. at 325.

## II. Procedural Challenges

¶21 Ms. Lane-Jacobson challenges Mercury Casualty's objections to statements the Jacobsons made in response to the motion for summary judgment. She argues Mercury Casualty violated Arizona Rule of Civil Procedure 7.1(f)(3) because it filed a separate objection, rather than objecting in its reply. Rule 7.1(f)(3) cross-references Rule 56(c)(4), which permits a party to include objections in a response to the opposing party's separate statement of facts or in a responsive memorandum. Here, because Ms. Lane-Jacobson only responded to Mercury Casualty's separate statement of facts, rather than filing her own separate statement of facts, we find no error.

¶22 Ms. Lane-Jacobson also argues the superior court erred by considering an affidavit filed by Mercury Casualty's attorney in support of its motion for summary judgment. But that affidavit merely attested that true copies of exhibits were attached; it did not constitute evidence. Construing Ms. Lane-Jacobson's argument as best we can, she seems to be challenging the superior court's consideration, if any, of Mercury Casualty's redacted claim notes, which Mercury Casualty attached in support of its motion for summary judgment. Ms. Lane-Jacobson challenged the redacted claim notes in her motion to strike the motion for summary judgment. In doing so, she violated Rule 7.1(f)(3)'s proscription against objecting to the admissibility of evidence in a motion to strike. Because Ms. Lane-Jacobson also relied on those same claim notes in support of her appeal, we find no error.

¶23 Ms. Lane-Jacobson finally argues the superior court erred in failing to consider an untimely, supplemental affidavit Mr. Jacobson filed in opposition to summary judgment. Although the court ruled that it would disregard Mr. Jacobson's affidavit, it actually considered and addressed the supplemental affidavit, noting that it "fails to establish a triable issue on the breach of contract count." We agree and find no error.

### III.    Denial of Attorneys' Fees

**¶24**        Mercury Casualty cross-appeals the superior court's denial of its request for attorneys' fees under A.R.S. § 12-341.01(A). Mercury Casualty argues the superior court erred in denying attorneys' fees because the record does not support the court's finding that a fee award would be an extreme hardship on Ms. Lane-Jacobson. Mercury Casualty also argues that all factors favor an award to Mercury Casualty and the court abused its discretion in finding that an attorneys' fee award would discourage other parties with tenable claims or defenses from litigating them.

**¶25**        We review the court's ruling denying attorneys' fees under A.R.S. § 12-341.01(A) for abuse of discretion. *Assoc. Indem. Corp. v. Warner*, 143 Ariz. 567, 570–71 (1985). We view the record in the light most favorable to upholding the court's denial and will affirm if the record reflects "any reasonable basis" for the decision. *Tucson Estates Prop. Owners Ass'n, Inc. v. McGovern*, 239 Ariz. 52, 56, ¶ 12 (App. 2016); *Merkens v. Fed. Ins. Co.*, 237 Ariz. 274, 279, ¶ 22 (App. 2015). Under A.R.S. § 12-341.01(A), the superior court need not award attorneys' fees to the successful party. *Warner*, 143 Ariz. at 570. Although the superior court must consider various factors in deciding whether to award attorneys' fees, one factor can outweigh other factors in the court's consideration to award fees. *Merkens*, 237 Ariz. at 279, ¶ 25. The parties' financial condition is one of several factors to consider in determining a fee award. *Warner*, 143 Ariz. at 570.

**¶26**        Here, the superior court found that Ms. Lane-Jacobson was ill, and there was no evidence she is currently employed. Further, the court found that the Jacobsons will owe nearly $25,000 in mandatory costs and sanctions. Mercury Casualty's affidavit in support of its motion for attorneys' fees supports these findings and provides a reasonable basis for the court's ruling. Because there is a reasonable basis for the court's ruling, we find no abuse of discretion.

### CONCLUSION

**¶27**        We affirm the superior court's ruling. In our discretion, we decline to award attorneys' fees on appeal. We award costs to Mercury

Casualty upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA