**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIDGET DORFMEISTER,

            Plaintiff-Appellant,

v.

ZURICH AMERICAN INSURANCE
COMPANY, a foreign insurer,

            Defendant-Appellee.

No.   20-16776

D.C. No. 2:20-cv-00057-DWL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Argued and Submitted November 15, 2021
Phoenix, Arizona

Before: CLIFTON, BRESS, and VANDYKE, Circuit Judges.

Plaintiff-Appellant Bridget Dorfmeister brought this bad faith claim against

Zurich American Insurance Company following Zurich's issuance of a Notice of

Claim Status on June 5, 2017, that denied Dorfmeister's benefits and closed her

workers' compensation claim. Dorfmeister now challenges the District Court's

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

grant of Zurich's motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), which we review de novo. *Starr v. Baca*, 652 F.3d 1202, 1205 (9th Cir. 2011). We also review de novo the application of substantive state law by a district court exercising diversity jurisdiction. *Giles v. Gen. Motors Acceptance Corp.*, 494 F.3d 865, 872 (9th Cir. 2007).

We affirm the District Court's grant of Zurich's motion to dismiss because Dorfmeister's sole claim is time-barred.[1] Under Arizona law, bad faith claims are subject to a two-year statute of limitations that "begins to run upon accrual" of the claim. *Manterola v. Farmers Ins. Exch.*, 30 P.3d 639, 643 (Ariz. Ct. App. 2001) (quoting *Doe v. Roe*, 955 P.2d 951, 963 (Ariz. 1998)); *see also* Ariz. Rev. Stat. § 12-542.

Arizona courts have established that, under the common law discovery rule governing accrual of bad faith claims, "a cause of action does not accrue until the plaintiff knows or with reasonable diligence should know the facts underlying the cause." *Doe*, 955 P.2d at 960 (citation omitted). For claims arising from an insurer's denial of benefits, a bad faith "cause of action should accrue only when the insurer terminates all negotiations with the insured because only at that point

---

[1] For the same reason, we affirm the District Court's denial of leave to amend. No amendment to Dorfmeister's complaint could have allowed it to proceed because she alleged only one claim of bad faith that is time-barred under Arizona law. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655 (9th Cir. 2017).

can the nature and extent of [the] insurer's breach of the covenant of good faith and fair dealing and of the damages that were proximately caused by this breach be determined." *Ness v. W. Sec. Life Ins. Co.*, 851 P.2d 122, 126 (Ariz. Ct. App. 1992) (citation omitted).

Dorfmeister's bad faith claim accrued on June 5, 2017, because on that date, Zurich issued a Notice of Claim Status denying Dorfmeister's benefits and closing her workers' compensation claim, thereby unequivocally "terminat[ing] all negotiations with the insured[.]" *Id.* (citation omitted). On that date, Dorfmeister knew or reasonably should have known of Zurich's wrongful conduct and was put on notice of the accrual of her bad faith claim. The two-year statute-of-limitations period ended on June 5, 2019. Dorfmeister did not file her bad faith claim until December 9, 2019. Therefore, we affirm the District Court's grant of Zurich's motion to dismiss because Dorfmeister's bad faith claim is time-barred.

Dorfmeister argues that the statute of limitations did not begin to run until the Industrial Commission of Arizona issued her a favorable compensability determination on May 1, 2018, but Arizona law compels a different conclusion. The Arizona Court of Appeals noted in *Manterola* that a bad faith claim "accrues when [the] plaintiff has actual or constructive knowledge of [the] 'defendant's wrongful conduct[.]'" *Manterola*, 30 P.3d at 643 (quoting *Taylor v. State Farm*

*Mut. Ins. Co.*, 913 P.2d 1092, 1095 (Ariz. 1996)). As the District Court noted in this case, *Manterola* held that a bad faith claim may accrue once there are "appreciable, nonspeculative damages[,]" even if those damages may subsequently be foreclosed in a separate action determining the issue of liability in favor of the defendant. *Id.* at 647. In other words, liability need not be determined before a bad faith claim may accrue. *See id.* at 646. In this case, while Dorfmeister could not know with certainty that Zurich's denial of benefits was "wrongful" until the Commission issued its compensability determination, such certainty is not required for statute-of-limitations purposes because all elements of a claim need not be indisputably proven before that claim may accrue.

Likewise, contrary to Dorfmeister's argument, *Merkens* is not dispositive in this case because it addressed jurisdiction, not accrual, and narrowly held that a plaintiff must "have at least sought a compensability determination" from the Commission before *filing* a bad faith claim based on an insurer's denial of benefits. *Merkens v. Fed. Ins. Co.*, 349 P.3d 1111, 1115 (Ariz. Ct. App. 2015). In fact, the *Merkens* court explicitly recognized that "there can be simultaneous proceedings in both the Industrial Commission [on compensability] and superior court" on the bad faith claim, during which the court adjudicating the bad faith claim "should wait to resolve any dispositive motions, or allow the case to proceed to a jury, until after

the [Commission] has resolved the challenges to the denial or termination of benefits." *Id.* at 1115 n.6 (citing *Sandoval v. Salt River Project Agric. Improvement & Power Dist.*, 571 P.2d 706, 709 (Ariz. 1977)).

Finally, Dorfmeister's reliance on *Taylor*, which the Arizona Supreme Court expressly limited to failure-to-settle cases, is unpersuasive. *See Taylor*, 913 P.2d at 1097. This case is distinct from failure-to-settle cases, as well as from legal malpractice cases, because no injury or non-speculative damages occur in those cases until final judgment is rendered in the underlying proceedings. In contrast, Zurich's issuance of the June 5, 2017 Notice of Claim Status that denied Dorfmeister's benefits and closed her workers' compensation claim gave rise to an injury and non-speculative damages. As the District Court succinctly stated, "the injury in a denial-of-coverage case is the denial of coverage itself."

Dorfmeister is not a "successful party" on appeal and is therefore ineligible for an award of attorney's fees under Arizona law. *See* Ariz. Rev. Stat. § 12-341.01. Although Zurich is a "successful party" on appeal and is thus eligible for such an award, we have discretion to grant, in full or in part, or deny requests for attorney's fees under Arizona law. *See id.* We decline to award attorney's fees to Zurich in light of the *Associated Indemnity* factors that guide Arizona courts' discretionary choice to award fees under § 12-341.01. *See Associated Indem. Corp.*

20-16776

*v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985). The third *Associated Indemnity* factor—whether "[a]ssessing fees against [Dorfmeister] would cause an extreme hardship"—supports our decision to decline to award fees to Zurich, because Dorfmeister has been "negatively impact[ed in her] credit, her living situation, and her marriage" following Zurich's refusal to pay for her medical bills even after the Commission's May 1, 2018 ruling that rescinded Zurich's closure of Dorfmeister's workers' compensation claim, required Zurich to pay for continued treatment and disability benefits, and assessed Dorfmeister with a 4% permanent disability rating. *See id.* The sixth *Associated Indemnity* factor—whether awarding fees on appeal to Zurich "would discourage other parties with tenable claims or defenses from litigating or defending legitimate contract issues for fear of incurring liability for substantial amounts of attorneys' fees"—supports our decision because in the workers' compensation context, the difference in the economic positions of the insured and the insurer may render potential plaintiffs wary of bringing even meritorious bad faith claims. *See id.*

**AFFIRMED.**

20-16776