IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO
————————————————

JOHN R. FRANCE,
*Plaintiff/Appellant,*

*v.*

ARIZONA COUNTIES INSURANCE POOL,
AN ARIZONA CORPORATION,
*Defendant/Appellee.*

No. 2 CA-CV2022-0024
Filed October 21, 2022

————————————————

Appeal from the Superior Court in Gila County
Nos. S0400CV201900231 and S0400CV202100061
The Honorable David E. Wolak, Judge Pro Tempore

**AFFIRMED**

————————————————

COUNSEL

O'Steen & Harrison PLC, Phoenix
By Jonathan V. O'Steen and Kathryn K. McCormick
*Counsel for Plaintiff/Appellant*

Wright Welker & Pauole PLC, Phoenix
By Christopher S. Welker and Richard R. Carpenter
*Counsel for Defendant/Appellee*

## OPINION

Chief Judge Vásquez authored the opinion of the Court, in which Presiding Judge Eckerstrom and Judge Cattani concurred.

V Á S Q U E Z, Chief Judge:

**¶1**　　　　John France appeals from a judgment dismissing his insurance bad faith claim against Arizona Counties Insurance Pool (ACIP), arguing the court erred by ruling his claim was time-barred.[1]　For the following reasons, we affirm.

### Factual and Procedural Background

**¶2**　　　　In reviewing an order granting a motion to dismiss, "we look only to the complaint, assuming the truth of all well-pled factual allegations and indulging all reasonable inferences."　*Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, ¶ 10 (App. 2014).　In June 2017, France was involved in a shooting incident that occurred while he was employed as a sergeant with the Gila County Sheriff's Department.　He suffered post-traumatic stress disorder as a result and was unable to return to work.　He later filed a workers' compensation claim, which ACIP, his employer's insurer, denied on August 7, 2017.　France timely contested the denial with the Industrial Commission of Arizona (ICA).　On March 27, 2018, the ICA issued its decision and award, also denying France's claim.

**¶3**　　　　France appealed, and on February 18, 2020, this court set aside the ICA's decision and award, concluding that the ICA had incorrectly interpreted the relevant statute.　*France v. Indus. Comm'n*, 248 Ariz. 369, ¶¶ 13-15, 17 (App. 2020).　The Arizona Supreme Court accepted review, clarified the applicable standard, vacated the opinion of this court, and set aside the ICA's decision and award.　*France v. Indus. Comm'n*, 250 Ariz. 487,

---

[1]Given this resolution, and recognizing that this court may affirm a decision if it is correct for any reason, *see Goldman v. Sahl*, 248 Ariz. 512, ¶ 56 (App. 2020), we need not address other arguments France raises on appeal, *see Sw. Barricades, L.L.C. v. Traffic Mgmt., Inc.*, 240 Ariz. 139, n.3 (App. 2016).

¶¶ 12, 25 (2021). As a result, the parties stipulated that France's claim was compensable and that he was entitled to workers' compensation benefits.

¶4 In August 2019, France sued ACIP, claiming it had acted in bad faith by denying his workers' compensation claim. He filed a notice of claim on July 28, 2020, "[i]n an abundance of caution," noting that ACIP had taken the position that the notice of claim statute applied to claims against it. In February 2021, he filed a second lawsuit for bad faith against ACIP and its member counties, which the trial court consolidated with his August 2019 lawsuit.

¶5 ACIP moved to dismiss, arguing France's claim was time-barred. On the merits, ACIP argued that it had not acted in bad faith because it had a reasonable basis to deny France's coverage. The trial court granted ACIP's motion, ruling that France had failed to timely serve a notice of claim and failed to timely file his lawsuit. France appealed after entry of a final judgment. We have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

**Discussion**

¶6 We review de novo a trial court's dismissal of an action under Rule 12(b)(6), Ariz. R. Civ. P., based on a statute of limitations. *Standard Constr. Co. v. State*, 249 Ariz. 559, ¶ 5 (App. 2020). Dismissal is appropriate when, as a matter of law, the plaintiff is not "entitled to relief under any interpretation of the facts susceptible of proof." *Coleman v. City of Mesa*, 230 Ariz. 352, ¶ 8 (2012) (quoting *Fid. Sec. Life Ins. Co. v. State*, 191 Ariz. 222, ¶ 4 (1998)). "The affirmative defense of a statute of limitations may be raised in a motion to dismiss if it appears on the face of the complaint that the claim is barred." *Republic Nat'l Bank of N.Y. v. Pima County*, 200 Ariz. 199, ¶ 20 (App. 2001).

¶7 Claims brought against "any public entity" are subject to a one-year statute of limitations. A.R.S. § 12-821. However, before filing a claim against a public entity, a party must first file a notice of claim "within one hundred eighty days after the cause of action accrues." A.R.S. § 12-821.01(A); *see Donovan v. Yavapai Cnty. Cmty. Coll. Dist.*, 244 Ariz. 608, ¶ 7 (App. 2018). Failure to comply with these requirements bars a claim.[2] § 12-821.01(A); *see Standard Constr. Co.*, 249 Ariz. 559, ¶ 6.

---

[2] On appeal, neither party disputes that ACIP is a public entity subject to the requirements of §§ 12-821 and 12-821.01.

¶8            To determine whether a claim is time-barred, we must consider:  (1) the cause of action's accrual date, (2) the applicable limitations period, (3) the date the plaintiff filed his or her claim, and (4) any possible tolling or suspending of the limitations period.  *Logerquist v. Danforth*, 188 Ariz. 16, 18 (App. 1996).  There is no dispute regarding the second or third inquiry; therefore, this case hinges upon a determination of the first and fourth inquiries.

¶9            France filed his first lawsuit alleging bad faith on August 6, 2019 and served his notice of claim July 28, 2020.  To determine whether his bad faith claim is time-barred, we must first resolve when it accrued.

¶10           Under the notice-of-claim statute, a claim accrues "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage."  § 12-821.01(B).  Put simply, a claim accrues when one party can sue another.  *Mertola, LLC v. Santos*, 244 Ariz. 488, ¶ 10 (2018).  Generally, a party can sue for bad faith when an insurance company denies, fails to process, or fails to pay a claim without a reasonable basis for doing so.  *Ness v. W. Sec. Life Ins.*, 174 Ariz. 497, 500 (App. 1992).  And specifically in the workers' compensation context, for a claim that a denial of coverage was made in bad faith, the plaintiff must show:

> (1) the carrier and the injured worker had an insurer-insured relationship . . . ; (2) the absence of a reasonable basis for denying benefits . . . ; (3) the [carrier's] knowledge or reckless disregard of the lack of a reasonable basis for denying the claim . . . ; and (4) traditional tort damages proximately caused by the denial of workers' compensation benefits rather than the damages resulting from the workplace injury . . . .

*Merkens v. Fed. Ins.*, 237 Ariz. 274, ¶ 16 (App. 2015).

¶11           On appeal, both parties cite *Merkens*, for the proposition that France's bad faith claim did not accrue until there was a compensability determination by the ICA.  However, they differ on when that determination occurred.  In his opening brief, France argues that his bad faith claim did not accrue until February 18, 2020, when he received a favorable determination of benefits after this court had set aside the ICA decision, establishing ACIP's underlying liability.  *See France*, 248 Ariz. 369.

**¶12**      At oral argument in this court, France argued for the first time that under § 12-821.01(C), his claim accrued on May 6, 2021, when the ICA issued its "final decision" following our supreme court's opinion, thereby "exhaust[ing] his administrative remedies." Generally, arguments raised for the first time at oral argument on appeal are untimely and deemed waived. *Mitchell v. Gamble*, 207 Ariz. 364, ¶ 16 (App. 2004). In our discretion, we decline to apply waiver here. *See Noriega v. Town of Miami*, 243 Ariz. 320, ¶ 27 (App. 2017) (waiver doctrine is discretionary). Even on the merits, however, France's argument fails. Section 12-821.01(C) states in relevant part that a claim against a public entity "that must be submitted to . . . an administrative claims process or review process pursuant to a statute . . . shall not accrue for the purposes of this section until all such procedures, processes or remedies have been exhausted." However, this subsection does not apply because France's insurance bad faith claim, unlike his workers' compensation claim, is not subject to an administrative claims process. *See Merkens*, 237 Ariz. 274, ¶ 18 (recognizing workers' compensation claims, over which ICA has exclusive jurisdiction, are separate from bad faith claims); *see also Manterola v. Farmers Ins. Exch.*, 200 Ariz. 572, ¶ 18 (App. 2001) (bad faith claims have "independent standing, irrespective of coverage").

**¶13**      ACIP disagrees with the accrual date urged by France, arguing that the pending appeal concerning compensability did not delay the accrual of France's claim and that France's claim accrued on March 27, 2018, when the ICA issued its decision and award. In its motion to dismiss, ACIP argued that France's claim had accrued when it denied France's workers' compensation claim on August 7, 2017. Now on appeal, it argues that under *Merkens* and § 12-821.01(C), France's claim did not accrue until the ICA made its compensability determination. We generally prohibit a party from advancing a new theory for the first time on appeal. *See Pima County v. Testin*, 173 Ariz. 117, 119 (App. 1992). However, in granting ACIP's motion, the trial court ruled that France failed to file his notice of claim or bad faith claim within the statutory requirements "from **either** the denial of his claim by ACIP on August 7, 2017 or the ICA on March 27, 2018." Because the court considered both dates, we will consider ACIP's new argument on appeal. *See Noriega*, 243 Ariz. 320, ¶ 27 (while arguments not raised below are generally not considered on appeal, "the doctrine of waiver is discretionary").

**¶14**      Both parties' reliance on *Merkens* is misplaced. In *Merkens*, a claimant filed a workers' compensation claim after sustaining an injury from inhaling a toxic substance. 237 Ariz. 274, ¶ 2. Her employer's insurer initially covered the claim but later terminated her benefits after

independent medical examinations. *Id.* ¶¶ 2-5. Instead of challenging the termination with the ICA, she filed a bad faith lawsuit against her employer's insurer. *Id.* ¶ 5. This court concluded the ICA has "exclusive jurisdiction to determine whether the injured worker is entitled to benefits and the amount of those benefits." *Id.* ¶ 18. Therefore, the trial court lacked jurisdiction to consider her bad faith claim because a claimant "must first have at least *sought* a compensability determination from the" ICA. *Id.* (emphasis added). *Merkens*, however, did not address when a bad faith claim accrues for statute-of-limitations purposes, but was decided on a jurisdictional issue. Accordingly, we look for guidance elsewhere.

**¶15**        Although neither party cites *Manterola v. Farmers Insurance Exchange*, 200 Ariz. 572, we find it instructive on the issue before us. *Manterola* addressed whether an insurance bad faith claim accrues "when a judgment in the underlying personal injury action against the insured becomes final, or when a final determination of coverage is later made in the [declaratory relief action]." *Id.* ¶ 1. There, Manterola filed a personal injury case. *Id.* ¶ 3. The defendants were insured by Farmers, which then contested coverage in a separate declaratory relief action. *Id.* ¶¶ 4-5.

**¶16**        In January 1996, the defendants in the personal injury action stipulated to a judgment against them and assigned Manterola their rights under the Farmers' policies. *Id.* ¶ 4. In May 1999, in the declaratory relief action, a judgment against Farmers was entered pursuant to this court's mandate. *Id.* ¶ 5. In September 1999, Manterola filed a bad faith claim against Farmers, alleging it had improperly denied coverage. *Id.* ¶ 6. Farmers successfully moved to dismiss, arguing it was time-barred. *Id.* ¶¶ 6-7. This court affirmed, rejecting Manterola's argument that her bad faith claim had not accrued until May 1999, when there was "a final determination of coverage." *Id.* ¶¶ 12, 34. Instead, the court noted Manterola was an assignee of the defendants in the personal injury action, meaning her bad faith claim accrued in 1996, when the judgment in the personal injury case became final. *Id.* ¶ 24.

**¶17**        In reaching that conclusion, this court agreed with Manterola that "a bad faith claim based solely on a carrier's denial of coverage will fail on the merits if a final determination of noncoverage ultimately is made." *Id.* ¶ 20. We also agreed that "only after Farmers' [declaratory relief action] had been fully litigated and had resulted in a final determination of coverage could Manterola prove that Farmers' denial of coverage had been unreasonable, a necessary element of [her bad faith] claim." *Id.* ¶ 21. Despite agreeing on these two points, we determined that her accrual argument "conflicts with well-established Arizona law that recognizes a bad faith claim's independent standing, irrespective of coverage." *Id.* ¶ 18.

**¶18** Similarly, here, we reject France's contention that before he could file a bad faith claim, he was required first to establish coverage for the industrial injury. Although whether he suffered a compensable injury (i.e., a covered claim) is a necessary element of a bad faith claim, this does not answer when a bad faith claim accrues. As in *Manterola*, the final outcome of the compensability dispute "did not control when [the] bad faith claim accrued." *See id.* And because "resolution of the merits of a bad faith claim presents different issues than determination of the accrual of that claim for statute of limitation purposes," the absence of a final compensability determination does not delay the accrual of filing a bad faith claim. *See id.* ¶ 23; *see also Merkens*, 237 Ariz. 274, ¶ 18 & n.6 (suggesting that a bad faith claim may accrue before final compensability determination and "there can be simultaneous proceedings in both the Industrial Commission and superior court").

**¶19** By contending his bad faith claim was not "ripe" until this court ruled in his favor, France appears to argue that the "final judgment accrual rule," adopted by our supreme court in *Taylor v. State Farm Mutual Automobile Insurance Co.*, 185 Ariz. 174 (1996), should apply in the workers' compensation context. *Taylor*, however, expressly limited application of the rule to "third-party bad faith refusal to settle claim[s]." *Id.* at 176 n.3, 179. And *Manterola* noted the *Taylor* rule does not apply to denial-of-coverage bad faith claims. *Manterola*, 200 Ariz. 572, ¶ 27 & n.5. Here, France's bad faith claim is a first-party denial-of-coverage claim. *See Mendoza v. McDonald's Corp.*, 222 Ariz. 139, ¶ 32 (App. 2009) ("A bad faith claim by an injured employee against his or her employer's workers' compensation carrier is considered a first-party claim."). Thus, *Taylor* does not apply.

**¶20** Instead, in this context, a bad faith claim accrues when the insurer denies coverage. *See Ness*, 174 Ariz. at 501 ("The cause of action does not accrue until the insurer breaches, and the insurer does not breach until it denies the claim."). Therefore, France's bad faith claim accrued when ACIP denied coverage in August 2017. Thus, the statute of limitations expired in August 2018. Because he did not file his bad faith claim until August 2019 or comply with the notice-of-claim statute until July 2020, the trial court did not err in finding his claim time-barred.

**¶21** France maintains this conclusion "invites inefficiency and chaos" in addition to "burdening our court system." We addressed similar concerns in *Manterola* and noted that it is a "fairly common practice" of insureds to file counterclaims alleging bad faith in declaratory relief actions. 200 Ariz. 572, ¶ 28. We also acknowledged that the bad faith claim could be brought as a separate action. *Id.* ¶ 29. Under either scenario, if coverage is the deciding factor in a bad faith claim, "the parties may stipulate to, or

the court on proper motion may order, a stay of the bad faith claim, pending final resolution of the coverage issue." *Id.* We stated this approach "arguably is the most cost effective and promotes judicial economy." *Id.* In sum, the final coverage determination neither tolls nor affects the accrual of a bad faith claim. *Id.* "[France's] bad faith claim accrued, for statute of limitations purposes, even though coverage still was uncertain." *Id.* ¶ 27. Therefore, the trial court did not err by granting ACIP's motion to dismiss on the basis that France's claim was time-barred.

## Attorney Fees on Appeal

¶22        ACIP requests its attorney fees on appeal pursuant to A.R.S. § 12-341.01 and Rule 21(a), Ariz. R. Civ. App. P. Under § 12-341.01(A), we have the discretion to grant the "successful party reasonable attorney fees" in "any contested action arising out of a contract." In our discretion, we deny ACIP's request for attorney fees. But as the successful party, ACIP is entitled to its costs incurred on appeal under A.R.S. § 12-341, upon its compliance with Rule 21.

## Disposition

¶23        For the foregoing reasons, we affirm the trial court's dismissal of France's bad faith claim.